## HARPER v. HIGHWAY MOTOR FREIGHT LINES.

### No. 11779.

Court of Civil Appeals of Texas. Dallas.

Dec. 7, 1935.

Rehearing Denied Jan. 11, 1936.

White & Yarborough, of Dallas, for appellant.

Touchstone, Wight, Gormley & Price and Robert B. Holland, all of Dallas, for appellee.

BOND, Justice.

This suit was brought by Djelma Harper, a minor, by her father, R. J. Harper, for injuries sustained by her when she drove an automobile in which she and her mother were riding into the rear end of a truck parked alongside the curb of Swiss avenue in the city of Dallas, Tex.

The elements of liability and negligence alleged were that the truck belonged to Highway Motor Freight Lines, the appellee, and, at the time, was being operated by its agent and servant, a Mr. Johnson, acting within the scope of his employment; that the truck was very large, covered with a tarpaulin, and extended a distance of several feet out into the street, blocking a large portion of the street, without headlights or taillights, or any kind of warning as to give notice to the public using the street of the parked truck. In consequence whereof, the truck was not visible to the plaintiff as she approached, resulting in her serious and permanent injury. Negligence of the defendant, its agent and servant, and the specific injuries plaintiff sustained, were minutely and specifically alleged.

The case was being submitted to a jury and, at the conclusion of plaintiff's testimony, the trial court, on motion of the defendant, instructed the jury to return a verdict in favor of the defendant, resulting in judgment being entered against the plaintiff, from which this appeal is prosecuted.

The view we take of this appeal, without commenting on the weight of the evidence, justifies the conclusion that plaintiff's testimony was sufficient to raise issues of fact for the determination of the jury. The evidence, at the stage of the trial when the directed verdict was given, clearly reveals negligence on the part of the driver for leaving the truck unguarded, without lights, and obstructing a much-traveled street, resulting in damage to the plaintiff. The question of liability of the Highway Motor Freight Lines is the issue involved on this appeal.

The liability of the defendant for the negligence arising from the acts of the driver rests on three essentials, which the law places the burden on the plaintiff to prove before she would be entitled to recover: (1) The plaintiff must show ownership of the truck in the defendant; (2) the driver was an agent of the defendant; and (3) the driver was acting at the time for the defendant in the scope of his employment. The failure to prove any of these three essentials is fatal to plaintiff's suit.

To meet the burden, where facts are peculiarly within the knowledge of a defendant and which, in the nature of things, would be difficult for the plaintiff to prove, presumption may be employed, which is a procedural rule of law, calling upon the defendant to produce all the available evidence in its possession, else the presumptions arising from proven facts and circumstances are taken against the defendant in support of the issues of liability; where a reasonable inference may be drawn from established facts, the law shifts the burden from the plaintiff to the defendant. But, where the defendant, in compliance with the procedural rule, produces all available evidence in its favor, without any positive evidence tending to establish the defendant's liability, the presumptions fail, and there remains nothing

to submit to the jury. Globe Laundry Co. v. McLean, (Tex.Civ.App.) 19 S.W.(2d) 94; Houston News Co. v. Shavers (Tex. Civ.App.) 64 S.W.(2d) 384.

■■ So, where liability of the defendant for the acts of the person in charge of the truck is based on ownership of the truck, proven or reasonably inferred from other facts, the presumption necessarily arises that the one in control, the driver, was the agent of the owner and, at the time, acting within the scope of his employment. And, where such presumptions are unchallenged by unequivocable evidence, they are, in law, taken as evidence of the facts, and are sufficient to make out a prima facie case of liability against the defendant. Therefore a court or jury, under such circumstances, is not authorized to disregard such presumptions, unless there is clear and positive testimony showing, or tending to show, that the inferences or presumptions do not exist.

■ The plaintiff introduced several witnesses who testified that there was stenciled on the left-hand door of the truck in question the name of "Highway Motor Freight Lines" and by one witness that the name of "H. Johnson" was also stenciled thereon. If plaintiff's testimony stopped there, evidently the name of the appellee on the truck tended to raise a presumption of ownership in the defendant, and the person having it in charge at the time was its agent acting on a mission for the defendant. Globe Laundry Co. v. McLean, supra; Mrs. Baird's Bakery v. Davis (Tex.Civ.App.) 54 S.W.(2d) 1031. But the testimony does not stop there. The plaintiff herself testified that about 10 days or more after the accident she had a conversation with a Mr. Davis, president of the Highway Motor Freight Lines, in which she told him that she was the girl who ran into his truck on the night of January 25th, and that Mr. Davis said: "Yes, it was my truck but it was not our fault; my driver was in the house asleep and did not even hear the collision. * * * 'They put my driver in jail and kept him all night' but let him out the next morning."

We think the related declarations of Mr. Davis reasonably bear the construction that at the time of the collision the truck belonged to the defendant and that the one in charge was its agent. The jury could have reasonably accepted it as tending to prove ownership and agency independently of the rule of presumption as to these facts. True enough, the testimony of Mr. Davis sharply contradicts that of the plaintiff. He denies that he had the related conversation, gave evidence contradicting ownership of the truck in the defendant at the time of the collision and that the driver was not the agent of the company. He testified further that the company was a corporation, doing a freight brokerage business, and on the night of the collision, January 25, 1933, the company owned no trucks; that the truck figured in the collision was not owned at that time by the company; that Mr. Johnson, who had charge of the truck, was not then in its employ; and that the company had no freight in the truck. Thus it will be seen that the testimony is sharply conflicting as to the ownership of the truck and the agency of the one in charge thereof.

Enlightened by the related testimony, we cannot doubt sufficient evidence was not introduced tending to show ownership and agency, thus created the presumption that the agent was engaged at the time in the owner's business, and that the jury would not have been compelled to accept the contradicted and impeached testimony of Mr. Davis opposing, if, in fact, it does, the presumption, since the manner of the witnesses on the stand or other circumstances may have created in the minds of the jury the impression that such testimony was not worthy of unqualified belief. So, under the facts of this case, it was clearly the province of the jury to judge the credibility of the witnesses and the weight to be given their testimony, and that it cannot be said, as a matter of law, the testimony of Mr. Davis, given on the trial of the case, contradicted by that of the plaintiff, is evidence unequivocably showing that the company was not the owner of the truck responsible for the negligence of the driver.

Furthermore, the presumptive rule required the defendant to produce all, or substantially all, evidence available in its possession. The record reveals that the truck in question, at the time of the collision, had attached thereto a state highway license plate No. 81092, and Mr. Davis testified that in two or three weeks after the collision his company purchased the truck from Mr. Johnson. This being true, article 1435, P.C.1925, as amended by Acts 1931, c. 29, § 2 (Vernon's Ann.P.C. art.

1435), required of Mr. Johnson to deliver to the Highway Motor Freight Lines a bill of sale, prescribing the form, showing the owner, to whom transferred, the consideration, the number of the state license, and the description of the vehicle.

█ In the absence of proof to the contrary, it must be presumed that the penal statute in reference to transfers of secondhand motor vehicles was strictly complied with by the parties and that the bill of sale for the truck in question was in the possession of the transferee, the defendant. Then, further, Mr. Davis testified that Mr. Johnson, the driver, was for about six months after the collision employed by the defendant. No showing is made as to Mr. Johnson's whereabouts at the time of trial of the case or that he was not available as a witness. Indeed, the defendant was not called upon to produce Mr. Johnson as a witness; however, it was called upon to produce all available credible testimony in its possession to rebut the legal presumptions against it, so we submit, the failure strengthens the presumptions.

The registration of the truck, the bill of sale, and the testimony of Mr. Johnson, it seems to us, were available evidence in the case, and may have conclusively shown who owned the truck at the time of the collision, or, at least, that the defendant did not own it. If the defendant in fact did not own it, the driver was not its agent, and no presumption would exist that the driver was on a mission for the defendant. On the other hand, if ownership and agency did exist, the law presumes that the agent was then using the truck for the owner, and, to overcome this presumption, the defendant was called upon to show by positive testimony that the driver of the truck was on no mission for it.

We think the testimony of Mr. Davis, denying that the truck at the time belonged to the defendant, that the party in possession was its agent, and that the truck was loaded with freight of the defendant, falls short of showing positively that the truck and driver were not on some other mission for which trucks may be used. So, in the light of the record, we conclude that the action of the court in peremptorily instructing the jury was error. The judgment of the lower court should be reversed, and the case remanded for a new trial.

We deem it proper, as the case must be tried anew, to make mention of other contentions appearing in this record and to extend our views to cover them, in avoidance of further errors and possibly reversal.

█ The plaintiff attempted to show that the defendant was carrying insurance on the truck at the time of the collision, and asked Mr. Davis: "Mr. Davis, I will ask you if you did not tell this little girl down there, 'we have insurance to cover that truck'"? Mr. Davis answered, "No, sir." If the inquiry ended there, clearly the question was harmful and prejudicial to the rights of the defendant and, on another trial, should not be asked. But, if the ownership of the truck, as here, at the time of the collision, is put in issue by the defendant in an effort to rebut the presumption of ownership which may arise against it, then clearly testimony that the defendant was at the time carrying insurance on the truck is material and relevant to carry the issue of ownership to be in the defendant. The denial of Mr. Davis alone would not foreclose the plaintiff to show, if she may, that at the time of the collision the defendant actually carried insurance on the truck.

█ Another contention is made that the trial court erred in refusing to permit the introduction of a written memorandum made by a witness, depicting the scene of the collision, the stenciled lettering "Highway Motor Freight Lines" on the side of the truck, the license plate number, and the owner of the motor vehicles involved. We sustain the action of the trial court. Any memorandum, not required by law to be made, which a witness may have made or caused to be made, is not admissible in evidence; such evidence comes clearly under the ban of hearsay. However, a witness may employ such memoranda which he made or caused to be made at the time inquired about, to refresh his memory, if the facts depicted in the memoranda have at the time of trial escaped his memory, but for no other purpose.

█ Another question is presented: The testimony is undisputed that Mr. Johnson, the driver of the truck in question, was not with the truck at the time of the collision, that he was at his home near by in bed asleep, and that after the collision he was aroused, came out of the house and made statements, which were related by other witnesses; i. e., that the

truck belonged to Highway Motor Freight Lines, and that he was working for it. We think any statements Mr. Johnson may have made, under the circumstances, were not admissible against the defendant; such testimony does not come under the rule of res gestæ. Only that which is said or done under the immediate spur of a transaction becomes thus a part of the transaction itself, because it is then the transaction that thus speaks is admissible under the rule. Mr. Johnson was not present at the time of the transaction; he was not in the truck and knew nothing about it until informed by others. Thus any statement he may have made is not admissible as original testimony, whether made while he was in the house or elsewhere.

The judgment of the lower court is reversed, and the cause remanded.