### PAHL v. X. R. GILL, INC.

No. 3415.

Court of Civil Appeals of Texas. El Paso.

Oct. 1, 1936.

Romick & Allison and C. F. Cusack, all of Dallas, for appellant.

Pinkney Grissom and Thompson, Knight, Baker & Harris, all of Dallas, for appellee.

HIGGINS, Justice.

This is a suit by appellant against appellee to recover damages for personal injuries sustained in a collision between an automobile driven by plaintiff and a Studebaker car driven by H. B. Colwell. Plaintiff alleged the collision occurred in the city of Dallas on July 14, 1934, about 1: 45 p. m. Various acts of negligence on Colwell's part were alleged, and that at the time in question he was in the employ of appellee as its service manager and acting in the course of his employment.

Upon the conclusion of plaintiff's evidence, the defendant moved for an instructed verdict, which was granted.

To show Colwell was an employee of appellee and acting in the course of his employment, appellant introduced excerpts from the deposition of Colwell. Such testimony shows Colwell was service manager of appellee in charge of servicing new and used cars. He owned the Studebaker car and was driving same at the time of the accident. The Trinity Battery Company at times did battery work for appellee. Upon the occasion in question he left appellee's place of business and was on his way to said battery company. Appellant cites injury cases where it was held that proof of ownership by defendants of automobiles owned by them and driven by their employees raises the presumption that such employees so operating said cars were at the time acting in the course of their employment so as to cast upon defendants the burden of going forward with the evidence and rebutting the presumption so raised. Studebaker Bros. Co. v. Kitts (Tex.Civ.App.) 152 S.W. 464; Texas News Co. v. Lake (Tex. Civ.App.) 58 S.W.(2d) 1044; Harper v. Highway Motor Freight Lines (Tex.Civ. App.) 89 S.W.(2d) 448.

Those authorities are not presently in point, for in the instant case the car driven by Colwell was owned by him and not by his employer. Furthermore, it appears Colwell was appellant's witness and no reason appears why she could not have shown by him whether, at the time, he was acting in the course of his employment. The evidence in this case simply shows that at the time of the collision Colwell was an employee and at the time was on his way in his own car to a battery company which some times did work for his employer. Whether he was on or off duty the record does not disclose. The evidence is insufficient to show that at the time of the collision Colwell was acting in the course of his employment. At best it raises but a surmise to that effect.

The court properly instructed a verdict for the defendant.

Affirmed.