**ALFANO v. INTERNATIONAL HAR-VESTER CO. OF AMERICA.**

No. 12458.

Court of Civil Appeals of Texas. Dallas.

Oct. 15, 1938.

Rehearing Denied Nov. 12, 1938.

White & Yarborough, of Dallas, for appellant.

Robertson, Leachman, Payne, Gardere & Lancaster, of Dallas, for appellee.

YOUNG, Justice.

Ellen Alfano, a young woman, while walking eastwardly along the graveled portion of West Davis Street in Dallas and off the pavement, as she alleges, was struck by a motor truck, driven by the defendant W. P. Burney, traveling in the same direction. The motor vehicle was the property of appellee company and the resulting suit by plaintiff for personal injuries was against said company and Burney; the allegations of liability as to the Harvester Company being that Burney was driving the truck as its agent at the time of the collision, and in the course of his employment. Separate answers of the defendants were filed, the material defense of defendant company being that Mr. Burney had ceased to be an employee on November 25th, prior to the date of collision, which was the evening of Sunday, December 1, 1935, on the above mentioned street; the individual defendant, Burney, alleging contributory negligence of plaintiff in response to the suit against him. When the testimony closed, the trial court granted the peremptory instruction of the defendant Harvester Company; the jury, upon special issues, found against Burney on material facts, with a resulting judgment against the latter for $4,500. This appeal is only to review the action of the lower court as to the above peremptory instruction for appellee company and judgment thereon against plaintiff. No appeal was perfected by the individual defendant, Burney.

As a part of plaintiff's evidence, in chief, the defendant company admitted the truck involved in the collision belonged to it. When plaintiff rested, the Harvester Company produced records and testimony of employees of the Dallas office as witnesses that said W. P. Burney had left the employment of such company on November 25, 1935, or almost a week prior to the accident; that Burney became an employee about August 1st, being furnished with the truck in question, as salesman in its Western Texas territory, using it in the company's business until his services terminated the latter part of November, as stated. The testimony of Burney was corroborative of the above defensive matters as to when his relations with the company ended; testifying that, when he left the service of said appellee company in November, he went to work in Frank Robinson's garage, at Eastland, where the truck was stored; and that his trip to Dallas the following Sunday (December 1st), when the accident occurred, was not known to or authorized by the Harvester Company, but was a personal mission with a view of purchasing the truck. Plaintiff offered in rebuttal, as res gestæ, the testimony of C. L. Erwin, a police officer, to the effect that, within five minutes after the collision, said Burney had stated he was at that time working for the International Harvester Company, Burney on the stand having denied making such statement. This evi-

468

dence was excluded by the trial court as bearing on the issue of employment of said party with appellee, but was admitted for impeachment purposes only as to defendant Burney.

It will be seen that plaintiff's testimony in the main was presumptive only, being in effect that the truck which struck plaintiff was owned by defendant company and being driven by one into whose custody such company had delivered the vehicle; and, unless rebutted by direct facts, might present a jury question of agency on the part of Burney, and within the scope of a presumed employment for the Harvester Company. However, when the defendants took over the burden of going forward with the evidence, they established by full and direct facts the true relationship of Burney and appellee company at the time of the accident, and the lack of any knowledge or authority on the part of appellee concerning Burney's operation of the truck on this occasion. The office of presumptions or inferences as testimony under the facts here presented are clearly discussed by Judge Bond of this court, in Harper v. Highway Motor Freight Lines, 89 S.W.2d 448, writ dismissed. It is there said [page 450]: "where liability of the defendant for the acts of the person in charge of the truck is based on ownership of the truck, proven or reasonably inferred from other facts, the presumption necessarily arises that the one in control, the driver, was the agent of the owner and, at the time, acting within the scope of his employment. And, where such presumptions are unchallenged by unequivocal evidence, they are, in law, taken as evidence of the facts, and are sufficient to make out a prima facie case of liability against the defendant. Therefore a court or jury, under such circumstances, is not authorized to disregard such presumptions, unless there is clear and positive testimony showing, or tending to show, that the inferences or presumptions do not exist. * * * But, where the defendant, in compliance with the procedural rule, produces all available evidence in its favor, without any positive evidence tending to establish the defendant's liability, the presumptions fail, and there remains nothing to submit to the jury. Globe Laundry v. McLean (Tex.Civ.App.) 19 S. W.2d 94; Houston News Co. v. Shavers (Tex.Civ.App.) 64 S.W.2d 384."

Together with the admitted ownership of the truck by appellee, appellant's

additional "circumstantial evidence" in support of her prima facie case consists (as she contends) in: "(1) The uninterrupted possession, custody and use of the truck by Burney over a course of several months, including the time of the accident, with no evidence or claim that his possession at the time in question was either as lessee or borrower, and the law raising a presumption that he was innocent of theft of the truck; (2) the fact that the truck was actually delivered to International Harvester Company at the end of the journey during which the accident occurred; (3) the fact, as testified to by defendant's branch manager Foley, that it was not customary for defendant to leave its trucks stored in a city where it had no representative; (4) Burney was in Dallas only two weeks prior to the accident and drove the truck back to Eastland, and it is unnatural for an employee to have ceased working and leave the truck at Eastland without any arrangements being made for its return to Dallas; (5) defendant's branch manager signed Burney's bond when he was arrested; (6) the fact that Burney assisted the International Harvester Company in procuring evidence in the defense of its suit"; further contending that all positive testimony in rebuttal of plaintiff's circumstantial facts came from interested witnesses. As appellee clearly points out, none of the above enumerated circumstances, whereby an issue of liability is sought to be raised against the Harvester Company, are at all inconsistent with the facts clearly and convincingly established by direct defensive proof that Burney's employment ceased on November 25, 1935; that on December 1st he was not working for appellee, but on that day, which was Sunday, he was undertaking to drive the truck (formerly used by him) to Dallas, with the thought of trying to buy it; that such trip was made without the knowledge or instruction of any officer connected with appellee, but was a private mission of his own, unrelated to the business of the company.

No liability arose to the company from its ownership of the truck, but that circumstance, together with the circumstances above mentioned, merely created a presumptive or prima facie case, which disappeared when a full disclosure was made through the direct testimony of those persons who had actual knowledge concerning the alleged relationship. See Harper v. Highway Motor Freight Lines, supra, and authorities there cited. After this proof

was made by appellee, the burden of the evidence shifted to appellant of establishing both the existence of·a relationship of employer and employee, and acts done by such employee in the furtherance of the business of the Harvester Company. When appellee rested ·its case, therefore, all presumptive and inferential testimony first presented by plaintiff had been dispelled, and there remained. no issue of appellee's liability before the jury except rebuttal testimony consisting in the so-called res gestæ statement of Burney, already referred to and which we will presently discuss. That the entire nature of the defensive testimony may have proceeded from interested witnesses does not vary the rule, if in fact there be a full disclosure, Langford v. El Paso' Packing Co., Tex.Civ.App., 1 S. W.2d 476; there being nothing to cast any suspicion upon the verity of the defense witnesses. However, Mr. Burney was clearly not an interested witness insofar as concerned appellee. Upon the trial, he took the stand in his own behalf and was not then an employee or maintaining any character of relationship with the company. On the other hand, at that time, it was in the interest of 'Mr. Burney to establish a basis of employment with appellee in order that a possible adverse verdict might be shared.

Appellant's propositions Nos. 4 and 5, with the authorities cited and discussed, are, in substance, that agency having already been made an issue by the circumstances that operated to create and make out a presumptive and prima facie case, the declaration of Burney at the scene of the accident, that he was working for appellee, is admissible as corroborative testimony; or as part of the res gestæ to the same effect. If we are correct in the proposition that any presumptive or prima facie case disappears upon the introduction of direct proof to the contrary, then there was nothing for this particular declaration to corroborate when it was offered; and, as appellant says, the declarations of an agent are not admissible, standing alone, but only in connection with other facts to prove agency or in confirmation thereof. But the testimony was not res gestæ. As was held in Stokes Bros. v. Thornton, Tex. Civ.App., 91 S.W.2d 756, 757, "Agency may not be proven by the hearsay statements of the alleged agent. His employment was not a part of the collision. That transaction, speaking of itself spontaneously through him at the time, could not in-

clude any such unrelated statement". See, also, Lewis, by next friend, v. J. P. Word Transfer Co., Tex.Civ.App., 119 S.W.2d 106, opinion by Judge Looney, where almost identical points of law are involved. Furthermore, even if Burney's alleged declaration be admitted to prove agency, nevertheless, plaintiff's case has failed, because the statement contained no facts to the effect that the driver of appellee's truck at the time of the accident was engaged in any act within the scope or course of the employment, or in furtherance of the business of appellee. These are essential ingredients of the doctrine of respondeat superior.

The action of the trial court in directing a verdict for appellee was proper and this cause is accordingly affirmed.

Affirmed.