**STANDARD COFFEE CO., Inc., v. TRIPPET et al.**

No. 9070.

Circuit Court of Appeals, Fifth Circuit.

Dec. 20, 1939.

Rehearing Denied Jan. 15, 1940.

HUTCHESON, Circuit Judge, dissenting.

Robert G. Payne, of Dallas, Tex., for appellant.

S. A. Crowley, of Fort Worth, Tex., and Jake Tirey, of Waco, Tex., for appellees.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

On July 28, 1938, Joseph Dennis Trippet was killed when the car he was driving collided head-on with a truck owned and operated by Standard Coffee Company, Incorporated. The accident occurred on a hill on the highway between Lufkin and Nacogdoches, Texas. The upgrade was such that drivers could not see approaching cars until they were within a short distance of the crest of the hill. The driver of the Standard Coffee Company truck had driven left of the center of the highway in order to pass a car and as he neared the hilltop he met Trippet's vehicle and the collision resulted.

Fay H. Trippet, the mother of the deceased boy, filed suit for damages against the Standard Coffee Company. Commercial Standard Insurance Company was the compensation insurance carrier for the employer of Joseph Trippet and had assumed its full statutory liability on account of his death. For that reason it joined with Mrs. Trippet in the suit against Standard Coffee Company. The case was tried to a jury which found for Mrs. Trippet and assessed damages in the sum of $7,500.

Standard Coffee Company, the appellant, contends that the evidence shows as a matter of law that its truck driver was not acting in the course of his employment at the time of the accident, and that its motion for a directed verdict should have been granted.

The pertinent facts are these: R. B. McAdams, the driver of the truck, lived in Lufkin, Texas. He was an employee of Standard Coffee Company and was in charge of the company's Lufkin Branch. He testified that he worked the trade in his territory by going from house to house in the various communities, and that his duties consisted of delivering coffee and other company products to customers and

getting new orders for future deliveries. The truck he used belonged to Standard Coffee Company and its name was painted on the truck body. This truck had been placed in McAdams' exclusive possession by the company.

On Thursday, July 28, 1938, McAdams left Lufkin and went to Nacogdoches to work the trade there. He called on a number of his customers in Nacogdoches that morning and around noon started driving back to Lufkin. It was on this return trip that the accident occurred.

The Standard Coffee Company vigorously contends that McAdams was without authority to return to Lufkin; that he was to spend all day Thursday and Thursday night in Nacogdoches and on Friday go to Timpson, Texas.

McAdams, the driver of the Standard Coffee Company truck, did not testify, but his deposition was introduced in evidence. This deposition included testimony that at the time of the accident he was returning to Lufkin to get his electric razor. The plaintiff thereupon introduced his prior contradictory statement to the effect that he was returning to Lufkin to "pick up some special blend coffee".

■ The Texas authorities support the general rule that where a servant turns aside from the master's business for some purpose wholly disconnected with his employment, or to engage in an affair of his own, the master is not liable for his actions. Bresnan v. Republic Supply Co., Tex.Civ.App., 63 S.W.2d 1105; Galveston H. & S. A. R. Co. v. Currie et al., 100 Tex. 136, 96 S.W. 1073, 10 L.R.A., N.S., 367; Branch v. International & G. N. Ry. Co., 92 Tex. 288, 47 S.W. 974, 71 Am.St.Rep. 844; Southwest Dairy Products Company, Inc. v. De Frates, et al., 132 Tex. 556, 125 S.W.2d 282, 122 A.L.R. 854.

■ Here the case is different. When the plaintiff introduced proof that the truck involved in the accident was the property of Standard Coffee Company and that it was being operated by an employee of that company, a presumption was raised that the employee was operating the truck within the line and scope of his employment and in the ordinary discharge of his duties. This is settled Texas law. Globe Laundry v. McLean, Tex.Civ.App., 19 S. W.2d 94; Harper v. Highway Motor Freight Lines, Tex.Civ.App., 89 S.W.2d 448; Alfano v. International Harvester Co., Tex.Civ.App., 121 S.W.2d 466; Stude-

baker Bros. Co. v. Kitts, Tex.Civ.App., 152 S.W. 464.

■ Such a presumption, however, may be rebutted by evidence which is clear, positive, and unequivocal, and when such evidence is introduced the plaintiff's prima facie case fails. Hudson v. Ernest Allen Motor Co., Tex.Civ.App., 115 S.W.2d 1167; Alfano v. International Harvester Co., Tex.Civ.App., 121 S.W.2d 466; Gregg v. De Shong, Tex.Civ.App., 107 S.W.2d 893; Robb v. Bartels, Mo.App., 263 S.W. 1013; Houston News Co. v. Shavers, Tex.Civ. App., 64 S.W.2d 384; Texas News Co. v. Lake, Tex.Civ.App., 58 S.W.2d 1044.

■ In the case at bar McAdams was the only person who knew the true purpose of the trip to Lufkin. He testified that he was going back after a razor. The day was Thursday and he would return to his home on Saturday and one may conclude that he would not stand in need of the razor to any great extent until he returned home. Moreover, this statement about driving over forty miles for a razor was certainly discredited by the introduction of his prior written statement that he was going back to "pick up some special blend coffee". The jury had the right and may have discredited his testimony as being inherently improbable. Cf. American Casualty Co. v. Windham et al., 5 Cir., 107 F.2d 88; American Jurisprudence, Vol. 20, par. 1183.

The rebutting testimony was not so clear, positive, and unequivocal as to warrant, as a matter of law, the overturning of the presumption arising from the ownership and operation of the automobile. Under all the facts and circumstances of this case we think it clear that the issues raised were properly submitted to the jury, and that the Court rightly refused to give a directed verdict for the defendant or to set aside the jury's modest verdict.

The judgment is affirmed.

HUTCHESON, Circuit Judge (dissenting).

The opinion of the majority while correctly stating the general rule in Texas, as to the non-liability of the Master for injuries caused by a servant who has turned aside from the Master's business, proceeds upon a complete misapprehension of the state of the evidence. Upon the introduction by defendant of positive evidence as to what McAdams was doing at

the time of the accident and as to whether he was on his employer's business or an affair of his own, the presumption plaintiff relied on disappeared. It did not remain as evidence in the case and there was therefore, no evidence that McAdams was acting within the scope of his employment. The majority opinion however, stating that the presumption had not been overturned rules that the jury had a right to rest a verdict for plaintiff upon it. This is not only contrary to the rule of law, as it generally prevails,[1] but it is directly in the teeth of the Texas authorities. Alfano v. International Harvester Co., Tex.Civ.App., 121 S.W.2d 466; Hudson v. Ernest Motor Co., Tex.Civ.App., 115 S.W.2d 1167; Houston News Co. v. Shavers, Tex.Civ.App., 64 S.W.2d 384; Texas News Co. v. Lake, Tex.Civ.App., 58 S.W.2d 1044, 1045.

In the Lake case the court said: "Such presumption does not rest on an inference of fact. The fact of ownership from which the presumption arises is not regarded as any evidence of the fact presumed, but the presumption is a mere rule of procedure, and is put to flight by an unequivocal showing on the part of the owner that the car was not driven by him, nor by his servant acting within the scope of his employment."

It said in the Hudson case [115 S.W.2d 1170]: "It was at least sufficient to completely destroy the presumption in plaintiffs' favor. Such presumption being removed, the plaintiffs were in the same position that they were when they announced ready for trial."

An excellent discussion of the Texas rule is found in the Shavers case [64 S.W.2d 386]: "Evidence that the truck with which the injury was committed belonged to the news company and that it was being driven by one regularly in its employment, in the absence of evidence to the contrary, raised a presumption that such servant was engaged in the news company's business at the time of such collision. * * * This, however, is a mere rule of procedure and the presumption vanishes when positive evidence to the contrary is introduced. The presumption grows out of the fact that not infrequently the evidence necessary to es-

tablish the character of the mission in which the servant was engaged is exclusively within the possession of the defendant. The effect of the rule is to 'smoke out' the defendant and to compel him to disclose the true facts within his knowledge. When, however, he discloses the true facts within his possession and such evidence is positive to the effect that the servant was not engaged in the master's business at the time of the injury, the presumption is nullified and the burden is then upon the plaintiff to produce other evidence or his cause fails."

In the Alfano case, the court said [121 S.W.2d 468]: "But, where the defendant, in compliance with the procedural rule, produces all available evidence in its favor, without any positive evidence tending to establish the defendant's liability, the presumptions fail, and there remains nothing to submit to the jury."

Now, we are bound to follow the Texas rule as to the presumption, and as to the effect on the presumption of the introduction of evidence. Cities Service Oil Co. v. Dunlap, 60 S.Ct. 201, 84 L. Ed. ——, decided December 4, 1939; Central Vermont Railway Co. v. White, 238 U.S. 507, 35 S.Ct. 865, 59 L.Ed. 1433, Ann.Cas.1916B, 252.

The error of the majority springs I think, from its treating as evidence and giving evidential effect to, plaintiff's prior contradictory statement introduced and admitted for impeachment purposes alone. This, of course, may not be done. Impeaching testimony is never evidence of a fact. It merely has a discrediting effect upon evidence. In and of itself, it is not evidence. Bradley v. Texas & P. R. Co., Tex.Com.App., 1 S.W.2d 861; Alfano v. International Harvester Co., supra; MacLachlan v. Perry, 63 App.D.C. 24, 68 F.2d 769; South Ry. Co. v. Gray, 241 U. S. 333, 36 S.Ct. 558, 60 L.Ed. 1030; Silver Fleet Motor Express Co. v. Bilbrey, 22 Tenn.App. 244, 120 S.W.2d 997; Cf. Ike Young v. United States, 5 Cir., 97 F.2d 200, 205, 117 A.L.R. 316. Where the court said: "It is equally fundamental that the impeaching testimony be admitted not for the purpose of supplying what the witness was expected to, but did not, say, as a basis for a verdict, but only to elimi-

---

[1] In Foundation Co. v. Henderson, 5 Cir., 264 F. 483, 487, we said: "Of course, defendant would have found himself in very different case, had he undertaken to explain the use by evidence inconsistent with this presumption. In that case the presumption, which only exists in the absence of evidence, would have passed out, and the case would have gone to the jury on the evidence alone."

nate from the jury's minds any positive adverse effect which might have been created by the testimony." And again, "impeaching and contradictory statements are 'admitted only to destroy the credit of the witnesses, to annul and not to substitute their testimony.'"

Whatever the jury may have concluded as to the impeaching effect of this affidavit, the information it contained was not in evidence. The presumption that at the time of the accident, McAdams was driving the truck on his employer's business, completely disappeared from the case upon the coming in of defendant's uncontradicted evidence, as to McAdams' duties and obligations with reference to the truck and as to what he was doing at the time. Plaintiffs, offered no evidence in rebuttal, and their presumption entirely gone, they stood, wholly without evidence to take their case to the jury.

The judgment should have been reversed. I respectfully dissent from its affirmance.

On Petition For Rehearing.

PER CURIAM.

As neither of the judges who concurred in the judgment of the court in the above numbered and entitled cause is of opinion that the petition for rehearing should be granted, it is ordered that the said petition be and the same hereby is denied.