**ELMORE et al. v. PEAVY.**

No. 3621.

Court of Civil Appeals of Texas. Beaumont.
Oct. 10, 1940.

984

Daniel & Daniel, of Liberty, and Pitts. & Liles, of Conroe, for appellants.

Thos. A. Wheat and T. J. Hightower, both of Liberty, and Jeff Cochran, of Cleveland, for appellee.

WALKER, Chief Justice.

On the 8th day of October, 1938, on highway No. 35, a collision occurred in Polk county between a truck and a Ford touring car in which Mrs. Ella Peavy, the wife of appellee, W. F. Peavy, was riding. This suit was filed in the district court of Liberty county on the 12th day of January, 1939, by appellee against Frank Hill Elmore and H. M. Elmore, appellants, for damages for the injuries suffered by his wife in the collision. He alleged that the truck was owned and operated at the time of the collision by Frank Hill Elmore and H. M. Elmore, doing business as partners under the firm name of Elmore & Son. H. M. Elmore answered under oath, denying the partnership as alleged by appellee, and further by pleas of general and special demurrers, general denial, etc. Frank Hill Elmore answered by pleas of general and special demurrers, general denial, etc. The jury found against H. M. Elmore on the

issue of partnership, and in favor of appellee on the issues of negligence plead as the proximate cause of the collision, and assessed appellee's damages at the sum of $2,750. On the verdict, judgment was entered in favor of appellee for the damages assessed by the jury, from which appellants have duly prosecuted their appeal to this court.

H. M. Elmore's first proposition is to the effect that the evidence did not raise against him the issue of partnership with Frank Hill Elmore, and that the court erred in refusing to instruct a verdict in his favor. We sustain this proposition.

Denying the partnership as of the time of the collision, appellants offered the following testimony:

(1) The existence of a gin partnership between H. M. Elmore and his son, Frank Hill Elmore, during the years 1935, 1936 and 1937, with one gin at Cold Springs, one at Old Waverly, and one at Shepherd, Texas. H. M. Elmore testified that this partnership was dissolved in January, 1938, and that he never subsequently had any partnership of any kind or character with Frank Hill Elmore, and that in the dissolution of the partnership Frank Hill Elmore took the gins at Cold Springs and Old Waverly, and he took the gin at Shepherd; that in May of 1938, he sold his gin at Shepherd to a certain party who lived at Huntsville. He testified further that at the time of the collision in issue in 1938 he had no partnership of any kind with Frank Hill Elmore.

(2) On the issue of the partnership during 1935, 1936 and 1937, and its dissolution in January, 1938, Frank Hill Elmore testified to the same facts testified to by his father, H. M. Elmore. He testified further that he still owned the gins at Cold Springs and Old Waverly, taken by him in the dissolution of the partnership, but that his father had sold the gin at Shepherd, taken over by his father in the dissolution. He testified that, subsequent to the date of the dissolution of the partnership in January, 1938, no partnership of any kind or character existed between him and his father. He testified, and this point was established by other testimony beyond controversy, that the truck involved in the collision in issue was owned by him, operated by him, controlled by him, and that he employed and paid for the driver. The testimony was beyond controversy that H. M. Elmore had no interest in this truck,

nor in its control and management, nor in its operation.

(3) Mr. Elliott Campbell, the banker with whom Elmore & Son, the partnership, did their business, testified: "I know H. M. and Frank Hill Elmore. They did business at my bank; they still do business as individuals. From 1935 to January, 1938, they carried a partnership account under the name of Elmore & Son. They were engaged in ginning and farming. After January 11, 1938, they did not have a deposit account with my bank under the name of Elmore & Son. Each of them told me during the month of December, 1937, that they were dissolving the partnership; that they were dissolving it the first of the year; that was the term used. They came in and closed out the account; the account was closed by Frank Hill Elmore on January 11, 1938. Both of them told me they were dissolving the partnership. At the time the partnership was dissolved Elmore & Son owed the bank. The farming operations were handled in the name of H. M. Elmore or borrowings in connection with the farming. In connection with the gin, it was Elmore & Son. That was the way the ex-obligations were signed, and on March 11, 1938, we renewed all of this paper in the name of H. M. Elmore and F. M. Elmore as individuals and eliminated the partnership. These obligations had been incurred under the partnership. They dissolved partnership and were unable to pay at that time. To keep from releasing either one we renewed it, letting each one sign H. M. and F. H. Elmore. They renewed the obligations as individuals."

(4) At the time of the collision, the truck was loaded with cotton; the testimony was beyond controversy that H. M. Elmore had no interest in this cotton and no interest in its transportation.

■ As we construe the evidence, it established beyond controversy that, at the time of the collision, no partnership of any kind or character existed between H. M. Elmore and Frank Hill Elmore, and that H. M. Elmore was not interested in the operation of the truck. The partnership that existed between H. M. Elmore and Frank Hill Elmore during 1935, 1936 and 1937, was dissolved in January, 1938; that point was clearly established. Not only did H. M. Elmore and Frank Hill Elmore testify to the dissolution, but that fact was established by the testimony of Elliott Campbell, a disinterested witness, whose

testimony on this issue must be accepted as true.

■ The circumstances relied upon by appellee, as against the testimony offered by appellants, did not raise the issue of partnership.

(1) Appellee showed, and that fact was admitted, that the doors of the truck had printed on them,

"Elmore & Son
"Ginners
"Willis, Tex. Rt. 2"

As to the weight of this circumstance, in Freeman v. Texas Bread Co., Tex.Civ. App., 111 S.W.2d 307, 308, the court said: "In the absence of any controverting proof, testimony that the defendant's truck involved in the collision bore a sign containing the name, Texas Bread Company, is sufficient to raise the presumption of ownership of the truck by defendant, and agency and scope of employment of the driver." But the testimony in this case controverted, and established beyond issue, that at the time of the collision H. M. Elmore and Frank Hill Elmore were not partners. The fact that "Elmore & Son" was printed on the door of the truck simply gave rise to an inference of partnership, which, as a matter of law, was rebutted when appellants offered their testimony, clearly establishing that the partnership had been dissolved. Wilhite et al. v. Horton et al., Tex.Civ.App., 116 S.W.2d 807; Mrs. Baird's Bakery v. Davis, Tex.Civ.App., 54 S.W.2d 1031, 1032; Austin Bros. v. Sill, Tex.Civ.App., 83 S.W.2d 716, 717; Younger Bros. v. Power, Tex.Civ.App., 92 S.W. 2d 1147; Harper v. Highway Motor Lines, Tex.Civ.App., 89 S.W.2d 448, 450; Haden Co. v. Riggs, Tex.Civ.App., 84 S.W.2d 789; Riggs v. Haden & Co., 127 Tex. 314, 94 S.W.2d 152; Alfano v. International Harvester Co. of America, Tex.Civ.App. 121 S.W.2d 466.

(2) Appellee puts great weight upon the statement made by Adair Lewis, the driver of the truck, immediately after the collision, that he was working for "Elmore & Son." He denied making the statement, but accepting as true appellee's testimony that he did make it, it was without probative weight. Agency cannot be established by the hearsay declaration of the agent. Lewis v. J. P. Word Transfer Co., Tex. Civ.App., 119 S.W.2d 106; Alfano v. International Harvester Co. of America, Tex. Civ.App., 121 S.W.2d 466.

(3) A few minutes after the collision, Adair Lewis, with those who were in the Ford car, left the place of the collision and went to a nearby house. One witness testified that, in answer to a request to write the name of his employer, he wrote "Elmore & Son" on a card. He testified that he was asked to write the name which was on the truck door. Clearly, to write the name on the card was no part of the duties of his employment, was pure hearsay, and in no sense a part of the res gestae.

(4) No probative weight can be given to the fact that the tax renditions made in May, 1938, listed the three gins as owned by the partnership as of January 1, 1938. H. M. Elmore and Frank Hill Elmore were required to render their property as of January 1, 1938.

(5) That a partnership existed between H. M. Elmore and Frank Hill Elmore in 1935, 1936 and 1937, did not raise a presumption that the partnership continued on through 1938.

(6) That the dissolution of the partnership was not published until after the accident was without probative weight.

Under all the testimony, H. M. Elmore was not a partner with Frank Hill Elmore, and was entitled to an instructed verdict.

■ Special issue No. 10, submitted to the jury, was as follows: "Do you find from a preponderance of the evidence that the driver of the automobile truck on the time and occasion in question failed to exercise ordinary care and use of the means within his power, to avoid the collision and to avoid injuring the wife of this said plaintiff, after he saw said automobile of plaintiff ahead of him?" This issue was not on the weight of the evidence, and did not place an undue burden on defendants.

■ It was not error for appellee's counsel to argue "there was only one primary issue in this cause to be decided by the jury and that is whether or not H. M. Elmore and Frank Hill Elmore were partners."

Since the lower court should have instructed a verdict in favor of H. M. Elmore, the judgment against him is reversed and judgment here rendered in his favor, that he go hence without day and recover his costs. The judgment against Frank Hill Elmore is affirmed.

Reversed and rendered in part, and in part affirmed.