## BAKER v. HIGHWAY INS. UNDERWRITERS.

### No. 4542.

Court of Civil Appeals of Texas. El Paso.
Nov. 6, 1947.

Rehearing Denied Dec. 4, 1947.

Second Motion for Rehearing Denied
Jan. 15, 1948.

Burks & McNeill and Smith, Cunningham & Boling, all of Lubbock (John Lee Smith, of Lubbock, of counsel), for appellants.

Alton Freeman, of Seminole, and Strasburger, Price, Holland, Kelton & Miller, of Dallas, for appellee.

McGILL, Justice.

This is an appeal from the judgment of the District Court of Gaines County setting aside an award of the Industrial Accident Board.

For a better understanding of the points involved a brief history of the litigation is deemed necessary.

On March 16, 1946, W. R. (Roscoe) Baker, the husband of appellant Nannie Mae Baker and father of the minors Barbara Jean Baker and Carolyn Ann Baker, as Guardian of whose estates appellant Nannie Mae Baker also appeals, was ac-

cidentally killed while operating a truck loaded with sawed lumber, between Lovington and Hobbs, in the state of New Mexico. On August 15, 1946, the Industrial Accident Board made an award under the Texas Employers' Liability Act against appellee and in favor of appellants as his beneficiaries. Mrs. Baker was awarded $10.00 per week for 360 weeks and the children $10.00 per week for 360 weeks. September 6, 1946, appellee as plaintiff filed this suit against appellants as defendants to set such award aside. September 23, 1946, defendants filed a plea to the jurisdiction in which they challenged the jurisdiction of the District Court of Gaines County. October 3, 1946, appellants as plaintiffs filed suit against appellee as defendant in the District Court of Lubbock County, in which they sought to mature the award. October 15, 1946, appellee, defendant in that suit, filed a plea in abatement in that court in which it alleged the prior filing of suit in the District Court of Gaines County. After a hearing on January 8, 1947, the District Court of Gaines County overruled defendants' plea to its jurisdiction. February 10, 1947, appellants, plaintiffs in the Lubbock County suit, filed a motion to strike the defendant's plea in abatement and a plea in estoppel on the ground that plaintiffs were residents of Lubbock County when the Gaines County suit was filed and defendant had denied under oath that there was a contract of hire between the deceased and Long Freight Line, the assured, and would not be heard to say that Baker was an employee of the Long Freight Line for the purpose of retaining jurisdiction in Gaines County and abating plaintiffs' suit. February 25, 1947, defendant filed a supplement to its plea in abatement theretofore filed in the Lubbock County District Court in which it alleged the order overruling defendants' plea to the jurisdiction by the Gaines County District Court on January 8, 1947, and that such order was res adjudicata on the question of jurisdiction of that court. March 3, 1947, the District Court of Lubbock County sustained the defendant's plea in abatement and dismissed the suit. June 10, 1947, appellants as defendants filed their first supplemental answer in which they as beneficiaries of the deceased Baker sought

to recover from plaintiff the benefits provided by the Texas Workmen's Compensation Act. On June 23, 1947, the cause came on for trial on its merits before a jury. After two witnesses had testified defendants filed their first trial amendment. At the close of the evidence the court peremptorily instructed the jury to return a verdict in favor of plaintiff and against defendants and on such verdict entered judgment setting aside the award, and that defendants take nothing.

For convenience, when referring to the proceedings in the District Court of Gaines County and the District Court of Lubbock County the parties will be designated as they appeared in those courts.

Appellants present fifteen points on which they rely for a reversal. In the view we take of the case it will not be necessary to discuss all of them. If the court did not err in giving the peremptory instruction all of the other errors complained of become immaterial except insofar as they relate to this point. In view of our disposition of this point we shall discuss only the points which relate to it.

Defendants' cause of action on which recovery was sought was in effect that V. B. Byrd or the partnership of Byrd and Byrd on December 15, 1945 became the owner or owners of the business known as the Long Freight Line, theretofore owned by Tom Long and conducted by him under what is called in Article 5924 of the Revised Civil Statutes as an "assumed name"; that such business was so intermingled and operated with the individual business of V. B. Byrd that the two were inseparable, and that Roscoe Baker as an employee of Long Freight Line was engaged in such merged business and sustained the injuries resulting in his death in the course of his employment. That such was the theory on which recovery was predicated is evidenced by the defendants' pleading and proof. In their first amended cross-action defendants alleged that "Long Freight Line" was the employer; that on and prior to the time Baker received his injuries plaintiff was operating under the Workmen's Compensation Act of the State of Texas and had issued a policy of Workmen's Compensation insurance under the terms of which it agreed to pay to the "employees of said employer" and their beneficiaries the benefits provided by the Act; that on March 16, 1946, Baker was in the employ of "said employer" and was under a contract of hire in the regular course of his duties; that he was an employee of the Long Freight Line at the time he received his fatal injuries in the state of New Mexico. In their first supplemental answer they alleged:

"* * * defendants would show that V. B. Byrd and the Long Freight Line and the Byrd and Byrd Freight Line were for all intents and purposes one and the same employer; and in this connection defendants allege that V. B. Byrd purchased the Long Freight Line from Tom Long on December 15, 1945, and paid a valuable consideration therefor and went into immediate possession and began operating said trucking business as his own or as an enterprise owned by Byrd and Byrd; that such acts and conduct was in violation of the law and the rules and regulations of the Railroad Commission of Texas and that in an attempt to cover up and hide such operations from the Railroad Commission the plaintiff, Highway Insurance Underwriters, well knowing all of the facts or being in a position to ascertain the facts with the use of ordinary care, V. B. Byrd, Byrd and Byrd, and Tom Long entered into a conspiracy to cover up and evade the law and avoid the rules and regulations of the Railroad Commission of the State of Texas, and that W. R. Baker, deceased, was for all intents and purposes an employee of the Long Freight Line under the name of V. B. Byrd, and Byrd and Byrd were operating, and that Tom Long had no right, title or interest or any right of direction of the activities of the company from and after December 15, 1945, and by reason of the acts and conduct of the plaintiff and the said V. B. Byrd and the said Tom Long and the said Byrd and Byrd in holding themselves out as a common carrier legally authorized to do business in Texas and as a contract carrier legally authorized to do business in Texas with the full knowledge and consent of the plaintiff herein, the said plaintiff is now estopped to deny that the said W. R. Baker was an employee who

was employed in the usual course of the trade, business, profession or occupation of the Long Freight Line, who was temporarily directed and instructed by his employer to perform services' outside of the state of Texas."

Defendants' first trial amendment contained similar allegations as to the identity of the Long Freight Line and V. B. Byrd or Byrd and Byrd, at the relevant times.

Prior to December 15, 1945, Tom Long d/b/a (doing business as) Long Freight Line, was the owner of a Common Carrier Motor Carrier's Permanent Certificate of Convenience and Necessity No. 3560, issued to him by the Railroad Commission of Texas, authorizing service from Seminole, Texas to Lamesa, Texas, over State Highway No. 15, and return, and from Seminole to Seagraves over State Highway No. 1 and return. Application to sell and transfer this certificate to Byrd and Byrd Motor Freight Line was filed with the Railroad Commission on December 31, 1945, and the sale and transfer was approved by the Commission March 20, 1946. On January 18, 1946, the Commission issued to V. B. Byrd Specialized Motor Carrier Certificate No. 7065. The service authorized covered specific commodities (including "timber in its natural state") and was unrestricted from Seminole to all points in Texas as to some of them. As to others it was limited to points within a radius of fifty miles from Seminole to other points in Texas. Defendants introduced checks of V. B. Byrd showing that he had paid Long the entire agreed consideration for the Long Freight Line prior to the approval of the transfer of Long's common carrier permit by the Railroad Commission on March 20, 1946; they elicited from Byrd testimony that after December 15, 1945 Long took no part in the management of the business; that he, Byrd, received no compensation for his services as manager thereof; that Long had withdrawn the bank balance in the Long Freight Line account and had put no money in the business nor withdrawn any therefrom after December 15, 1945; that after December 15, 1945 the employees of Long Freight Line were frequently paid by Byrd's individual checks; also that gasoline and oil for operation of the two

Dodge. trucks owned by Byrd but registered in the name of Long Freight Line and operated in connection with the business of Long Freight Line, as also repairs for such trucks and for one Ford truck theretofore owned by Long were paid by Byrd individually. However, there was testimony that separate accounts were kept and Byrd testified that he was reimbursed for disbursements he made for Long Freight Line. Defendants also introduced testimony showing that Baker frequently drove both Dodge trucks while on Long Freight Line business, and helped employees of Long Freight Line to make deliveries of Long Freight Line business. They also elicited testimony showing that on at least one occasion Long Freight Line employees were engaged in Byrd's business which was authorized by his special carrier permit.

The policy of insurance issued by appellee on which recovery was sought designates the "assured" and the "name of employer" as "Tom Long, d/b/a Long Freight Line". It contains the following stipulation:

"I. No assignment of interest under this policy shall bind the company unless the consent of the company shall be endorsed hereon."

There is no contention that there was such endorsement or any assignment of the policy by Tom Long.

In the absence of waiver or estoppel, under the specific-holding in Traders & General Ins. Co. v. Emmert, Tex.Civ. App., 76 S.W.2d 208, (wr.ref.) defendants could not recover on the cause of action plead by them and which they sought to maintain by their proof. They could recover, if at all, only on the cause of action pleaded by them, and on this appeal they are restricted to the theory on which the case was tried. Safety Casualty Co. v. Wright, 138 Tex. 492, 160 S.W.2d 238, loc. cit. 245 (10-13); Kousal v. Texas Power & Light Co., 142 Tex. 451, 179 S.W.2d 293; Sorrells v. Coffield, 144 Tex. 31, 187 S.W. 2d 980.

We have searched the entire statement of facts and find no evidence which raises an issue of waiver or estoppel. Byrd testified that he paid the cost of workmen's

compensation insurance out of the Long Freight Line account and a cancelled check dated March 14, 1946, for this insurance drawn on the Long Freight Line account and payable to Motor Carriers' Insurance Agency, appellee's agent, was introduced in evidence; but there is no evidence that appellee had any knowledge that V. B. Byrd or the partnership of Byrd and Byrd had purchased the Long Freight Line and was operating it prior to March 20, 1946, if such were the facts. The proffered testimony of Mrs. Baker that immediately after her husband's death Byrd told her that her husband was insured and an adjuster would be around within seven or ten days is immaterial. Byrd was not a representative of appellee and such statement by him could in no way bind appellee or tend to show knowledge on its part that Byrd had purchased the Long Freight Line and was operating its business in connection with his own business.

 The point complaining of the court's refusal to file his additional findings of fact requested by defendants in connection with the hearing of defendants' plea to the jurisdiction on January 8, 1947 to effect that there was a contract of hire entered into between Roscoe Baker and the Long Freight Line in Gaines County at which time Roscoe Baker and Tom Long d/b/a Long Freight Line lived in and were residents of Gaines County, and at the time suit was filed appellants resided in Lubbock County, is immaterial only insofar as it bears on the question of jurisdiction. Appellants were in no way prejudiced by the court's refusal to file such findings. Under the undisputed evidence there is no question but that at the time the suit was filed appellants were residents of Lubbock County. Appellee's counsel so conceded on oral argument. This being so inherent in the court's order overruling defendants' plea to the jurisdiction was a finding that a contract of hire was made between Roscoe Baker and Tom Long d/b/a Long Freight Line in Gaines County or that such contract was entered into and that when it was made, regardless of where it was made, Roscoe Baker or Tom Long resided in Gaines County. Article 8306, Sec. 19,

Vernon's Ann.Civ.St., provides that such suits

"* * * shall be brought either

"a. In the county of Texas where the contract of hiring was made; or

"b. In the county of Texas where such employee or his beneficiaries or any of them reside when the suit is brought, or

"c. In the county where the employee or the employer resided when the contract of hiring was made, as the one filing such suit may elect."

This statute is not merely a venue statute. It is jurisdictional, (Davis v. Petroleum Casualty Co., Tex.Civ.App., 70 S.W.2d 649), since it is conceded that jurisdiction did not lie under "b" a contract of hiring was essential to confer jurisdiction under "a" or "c". We are not in accord with appellee's contention that such contract could have been between Baker and Byrd individually. In our opinion it necessarily must have been between Baker and Tom Long, the asssured, in order to confer jurisdiction in Gaines County under "a" or "c". As urged by appellants, Byrd as the owner and operator of an enterprise separate and distinct from the Long Freight Line owned and operated by Tom Long, was a stranger to the award and findings of the Industrial Accident Board. "Contract of hiring" within the purview of the statute is the contract between the employee and the employer which was the basis of the award. It does not follow that in sustaining plaintiff's motion for an instructed verdict the court necessarily found that there was no such contract of hire. Had he so found it would have been his duty to dismiss the suit, since under the statute there would have been no jurisdiction. Appellants' cause of action being predicated not on a contract of hire between Baker and Long but between Baker and Byrd or the partnership of Byrd and Byrd, the action of the court in sustaining plaintiff's motion for an instructed verdict does not negative the existence of a contract of hire between Baker and Long; furthermore, apart from appellants' theory on which the case was tried the court in sustaining the motion did not necessarily negative the existence

of such contract. Had appellants sought recovery on the theory that at the relevant time Byrd was managing the Long Freight Line for Long and that his hiring of Baker was for Long and Baker was an employee of Long, and had established these facts, they could not recover unless they further showed that the injuries resulting in Baker's death were "sustained by [him] in the course of his employment", Art. 8306, Sec. 1, V.A.C.S., or as that term is defined in Article 8309, Sec. 1, that they were:

"* * * injuries * * * having to do with and originating in the work, business, trade or profession of the employer received by an employee while engaged in or about the furtherance of the affairs or business of his employer whether upon the employer's premises or elsewhere."

One of the grounds of appellants' motion was:

"Defendants have wholly failed to offer any evidence showing or tending to show that the deceased, Mr. Roscoe Baker, was at the time and on the occasion and at the place in question engaged in the course or scope of employment for Tom Long, doing business as Long Freight Line."

If the motion were sustained on this ground, such action in no way negatived the existence of a contract of hire between Baker and Long.

For similar reasons the points complaining of the court's action in overruling defendants' pleas of estoppel and res adjudicata to effect that plaintiff was estopped to deny that there was a contract of hire between Baker and Long Freight Line because it as defendant in the Lubbock County District Court had set up in its plea in abatement filed in that court the jurisdiction of the Gaines County District Court, and had procured an order of the Lubbock County District Court sustaining its plea in abatement on the theory that there was a contract of hire between Baker and Long Freight Line, and in permitting trial of the issue as to deceased's contract of hire with Long Freight Line, are immaterial. Inherent in the court's judgment retaining jurisdiction and setting aside the award is a finding that there was a contract of hire between Baker and Tom Long.

The point that the court erred in refusing to permit appellants to treat V. B. Byrd as an adverse witness is material only insofar as it bears on their right to cross examine him in an effort to adduce evidence on which recovery could be sustained. The court did not err in refusing to permit defendants to treat Byrd as an adverse witness. True, he had been first called by plaintiff on the hearing on the plea to the jurisdiction on January 8th. His testimony on this hearing was available to defendants and they knew or should have known what testimony they could expect from him. As appears from defendants' examination of Byrd for the purpose of a bill of exception they were afforded full opportunity to cross examine him on every phase of the case, and even if the court were in error in refusing to permit them to treat him as an adverse witness appellants were in no way prejudiced.

If in view of Rules 67 and 90, Texas Rules of Civil Procedure we should be in error in our view that appellants could recover only on the cause of action alleged by them and on the theory on which they tried the case, and that recovery could be sustained on a showing that from December 15, 1945, to March 20, 1946, Byrd was managing the Long Freight Line for Long and hired Baker for Long, and that at the time Baker sustained his fatal injuries he was acting in the course of his employment for Long, nevertheless the court did not err in granting plaintiff's motion and giving the peremptory instruction. It may be conceded that the evidence was sufficient to raise issues that at the relevant times Byrd was managing the Long Freight Line for Tom Long and hired Baker for Tom Long, and Baker was an employee of Tom Long; but if the evidence is of sufficient probative force to raise an issue that the Long Freight Line had absorbed Byrd's individual business conducted by him under his special carrier permit, or had so intermingled or merged its business under its common carrier permit that it was inseparable from such business, yet there is no evidence that the business of Long Freight Line was merged with Byrd's individual business other than the business which he conducted under his

special carrier permit. The presumption will be indulged that both Long and Byrd were operating lawfully under their respective permits. Neither permit authorized operation in New Mexico, and Byrd's special permit did not authorize the transportation of sawed lumber. Therefore the mission on which Baker received his fatal injuries was not authorized by either permit. If the business which Long conducted under his permit was merged with the business which Byrd conducted under his permit, such merged business did not embrace such mission; nor does the fact that at the time Baker received his fatal injuries he was driving the red Dodge truck which was registered as a Long Freight Line truck raised such issue. In Brown v. City Service Co., Tex.Com.App., 245 S.W. 656 in which it was held that the issue was raised, there were facts other than the ownership of the cab and the status of the driver as an employee.

We have carefully considered all of appellants' points and find no reversible error. The judgment is affirmed.

On Motion for Rehearing.

■ We think appellant is in error in its statement on motion for rehearing that the Court struck that portion of defendants' First Supplemental Answer quoted in our original opinion. While the order is somewhat ambiguous it seems reasonably clear that only those portions of defendants' pleading which referred to the award of the Industrial Accident Board were stricken. On the other hand, it definitely appears that the Court denied defendants permission to file their Second Trial Amendment, to which appellants refer in their motion, and that defendants excepted to such action but have presented no point thereon on their appeal. Therefore Defendants' Second Trial Amendment cannot be considered as any part of their pleading.

■ It is true that the only jurisdictional facts alleged by plaintiffs showed jurisdiction only under (b) of Art. 8306, Sec. 19, V.A.C.S., and that these facts were not proved since it is conceded that defendants were residents of Lubbock County when the suit was filed. However the evidence is sufficient to show a contract of hiring between Tom Long d/b/a Long Freight Line and Baker, in Gaines County, which would confer jurisdiction on the District Court of Gaines County under (a) and also that both Long and Baker resided in Gaines County when such contract was made, which would confer jurisdiction under (c) of the Statute. Under Rules 67 and 90, R.C.P., appellants' contention that the Court had no jurisdiction because of defendants' lack of pleading is without merit. If a question of venue raised by a controverting plea required by Rule 86, R.C.P. to be made under oath, may be tried by implied consent under Rule 67 as indicated in Buchanan v. Jean, 141 Tex. 401, 172 S.W.2d 688, we see no reason why jurisdictional facts may not be established by trial by implied consent under this rule, in the absence of pleading. Also since defendants did not by motion, exception or otherwise attempt to secure the action of the Trial Court upon the defect in plaintiffs' pleading in its failure to allege jurisdictional facts under (a) and (c) of the statute, they waived their right on appeal to question the sufficiency of the pleading on this ground under Rule 90, R.C.P. Texas Osage Co–Op. Royalty Pool v. Kemper, Tex.Civ.App., 170 S.W.2d 849 Writ Refused; Litterst v. Edmonds, Tex. Civ.App., 176 S.W.2d 342, Writ Refused W. M.; Blair v. Archer County, Tex.Civ. App., 192 S.W.2d 573.

■ If we assume that the jury would have found the facts to be that at the time Baker received his fatal injuries he was driving the red Dodge truck which was registered as a Long Freight Line truck and that he was an employee of Long Freight Line, such facts would have raised a presumption that at such time Baker was acting within the scope of his employment, for Tom Long, d/b/a Long Freight Line, which in the absence of any evidence to the contrary would raise an issue of fact for the jury. Globe Laundry v. McLean, Tex.Civ.App., 19 S.W.2d 94; Mrs. Baird's Bakery v. Davis, Tex.Civ.App., 54 S.W.2d 1031; Claer v. Oliver, Tex.Civ.App., 62 S.W.2d 354; Houston News Co. v. Shavers, Tex.Civ.App., 64 S.W.2d 384, Writ Refused; Harper v. Highway Motor Freight

Lines, Tex.Civ.App., 89 S.W.2d 448, Writ Dismissed; Weber v. Reagan, Tex.Civ. App., 91 S.W.2d 409, Writ Dismissed; Younger Bros. v. Power, Tex.Civ.App., 92 S.W.2d 1147; Gregg v. DeShong, Tex. Civ.App., 107 S.W.2d 893, Writ Dismissed; Peveto v. Smith, Tex.Civ.App., 113 S.W.2d 216, reversed in part on other grounds 134 Tex. 308, 133 S.W.2d 572; Alfono v. International Harvester Co., Tex.Civ.App., 121 S.W.2d 466, Writ Dismissed; Tyler Milk Products Co. v. Shipman, Tex.Civ. App., 129 S.W.2d 444; Gladewater Laundry & Dry Cleaners v. Newman, Tex.Civ.App., 141 S.W.2d 951, Writ Dismissed, Judg. Cor.; Richmond v. Champagne's Bakery, Tex.Civ.App., 149 S.W.2d 304, Writ Dismissed Judg. Cor.; J. A. & E. D. Transport Co. v. Rusin, Tex.Civ.App., 202 S.W. 2d 693.

This, however, is a mere rule of procedure and the presumption vanishes when positive evidence to the contrary is introduced (Houston News Co. v. Shavers, supra) and there remains nothing to submit to the jury. Harper v. Highway Motor Freight Lines and Alfono v. International Harvester Co. supra.

V. B. Byrd testified that the trip Baker was on when he was killed was being made for him personally and not for the Long Freight Line. Therefore such presumption vanished and no jury issue was raised.

The motion for rehearing is overruled.