**BINGHAM et al. v. KIMBRELL et al.**

**No. 10129.**

Court of Civil Appeals of Texas. Austin.

May 13, 1953.

Rehearing Denied June 3, 1953.

Swaim & Swaim by E. H. Swaim, Eden, Paul Petty, Ballinger, for appellants.

Smith & Lear, San Angelo, John M. Harrod, Eden, by B. W. Smith, San Angelo, for appellees.

ARCHER, Chief Justice.

This suit was filed by the appellees A. R. Kimbrell and numerous others, against appellants, as defendants, for partition of a tract of land and for construction of the will of J. R. Kimbrell, deceased.

Appellants, as defendants, answered with special exceptions, and among other things pleaded that the parties had theretofore made an oral partition of such land.

The court severed the will construction from the partition, ordering them tried separately.

Separate judgments were rendered.

The court entered an order sustaining appellees' "motions, exceptions, plea of estoppel and res judicata" to appellants' pleading on oral partition, to which said order appellants excepted.

The appeal is before this Court on one point, as follows:

"First Point: The error of the Court in entering the order, dated August 29, 1952, appearing on Page 68 of the transcript herein, sustaining plaintiffs' motions, exceptions, plea of estoppel and plea of res judicata to defendants' pleading on oral partition."

The judgment dated September 19, 1952 in Cause No. 1736 (construction of the will of J. R. Kimbrell, deceased) is in part as follows:

"5. The court further finds that the parties, both plaintiffs and defendants, shall receive the following proportionate amounts set opposite their names of the hereinabove described lands and of the money which is owed by Mary

Darthulia Bingham and her husband, Tom Bingham, to wit:—

"A. R. Kimbrell shall receive 41/280ths of said sum of money or property equal in value thereto.

"J. L. (Jarrett) Kimbrell shall receive 61/280ths.

"Mary Darthulia Bingham shall receive 55/280ths subject to the hereinafter provision.

"Lonnie Christine Graham, Lala Victoria Knight and Edwin Kimbrell jointly 41/280ths.

"James E. Kimbrell and Price Kimbrell jointly, 41/280ths.

"Loyes Kimbrell, Riley Kimbrell, Acie Kimbrell, Lucy Kimbrell Burton, F. T. Kimbrell, Van Kimbrell, Willis Kimbrell, Faye Kimbrell, W. B. Kimbrell, J. W. Kimbrell and Blevine Ezelle Kimbrell, Jr. jointly, 41/280ths."

The judgment dated September 19, 1952, in Cause No. 1736–A (partition) in part is as follows:

"2. The court further finds that the hereinabove named parties, plaintiffs and defendants, are the sole owners of, and are by law entitled to partition and division of said land and premises, and the rents and revenues due by Mary Darthulia Bingham and her husband, Tom Bingham, in the proportionate interests set opposite the parties hereinafter named, except that Maggie Kimbrell and Lizzie Kimbrell have no interest in and to said property."

The court appointed a receiver and ordered the property sold and the proceeds divided as provided for, and in certain proportions.

Prior to the entry of the judgments the court in Cause No. 1736–A, entered the following order:

"On this the 29th day of August, A. D. 1952, came on to be heard in the above styled and numbered cause the Plaintiffs motions and exceptions and plea of estoppel to the Defendants alleged oral partition plead in his answer herein, and, after having considered said motions and exceptions and plea of estoppel the Court is of the opinion that same should be sustained.

"It is, therefore, accordingly ordered, adjudged and decreed by the Court that Plaintiffs motions, exceptions, plea of estoppel and plea of res judicata to Defendants alleged pleading on oral partition be and the same are in all things sustained."

As we have stated this was a suit for partition of real estate belonging to the estate of Lucy Ann Kimbrell who died in 1927 and J. R. Kimbrell who died in 1946, instituted by some of the children and the grandchildren of J. R. Kimbrell and wife Lucy Ann Kimbrell against another child of the said deceased persons. Mrs. Bingham and husband waived the service of citation and entered their appearance and subsequently filed an answer.

On June 23, 1952, A. R. Kimbrell, individually and as independent executor of the Estate of J. R. Kimbrell, deceased, together with the other plaintiffs, filed their First Amended Original Petition, and set up the execution of a will by J. R. Kimbrell in 1938, and of the death of J. R. Kimbrell, the filing of the will for probate, and that a contest had been filed but withdrawn, further pleading the validity of said will but that questions had arisen and ambiguities had become apparent, and prayed for a construction of such will, and further plead that the land was not subject to partition in kind, and for the appointment of commissioners, etc.

To this amended pleading the defendants pleaded a misjoinder of causes of action, special exceptions and a general denial, and requested further answers in construing the will, etc.

The defendants alleged that on the 9th of December, 1948, that the plaintiffs and defendants entered into a parol partition of the land, and that under such parol partition, defendant Mary Darthulia Bingham was to receive 187.9 acres of land and described it by metes and bounds, and the plaintiffs were to receive 140.83 acres of land and described it by metes and bounds and that they recover the lands set aside to them, and that all parties be quieted in his or their title to said lands.

In reply to defendants' pleading the plaintiffs alleged that the issue of oral partition was fully tried out in a former cause between the parties thereto and who are parties hereto, and that a final judgment was rendered, and prayed that their exceptions be sustained, and such exceptions were sustained by the court in an order hereinabove set out.

The plaintiffs filed a Motion for Summary Judgment, alleging that there was no oral partition entered into with supporting affidavits attached, and that as a matter of law no oral partition was entered into. An affidavit was made by Lonnie Christine Graham, one of the plaintiffs, and states that she did not agree to any oral partition and that none of the plaintiffs ever agreed to any oral partition; that there was some discussion in an effort to compromise the matter. A number of exhibits were attached to the motion.

The defendants filed their affidavits in answer and reply to the motion, stating that a parol partition was agreed on giving Mrs. Bingham the west side of the land, a surveyor was secured and a survey made, that one of the plaintiffs set stakes along the division line and had a well drilled on the east part of the land and exhibits were attached to the affidavits, consisting of parts of a deposition reciting what was said and done and by whom, leading up to the division of the land. Part of the deposition of an attorney, who prepared a deed and who secured a surveyor, was attached, reciting conversations had and with whom, and as to meetings with some of the plaintiffs in a discussion of the partition, and that the attorney stated that it was his understanding that the partition was fully agreed to and that he explained that a deed of partition should be executed, and that he drew such partition deed and delivered one to J. L. Kimbrell to be signed by the Kimbrell heirs.

J. R. Kimbrell had executed a deed in August, 1946, conveying to Mrs. Bingham his undivided interest in the land.

A suit was filed by A. R. Kimbrell and others against Mrs. Bingham in Cause No. 1722 on August 18, 1950, alleging that the deed was void and of no effect and should be set aside because at the time of the purported signing and execution of such deed the said J. R. Kimbrell was not of sound mind or memory or in any respect capable of making a deed, and prayed for a decree of the court finding the deed to be null and void. The plaintiffs in the same suit sought a partition of the land, damages, and for a receiver, order of sale, etc.

The defendants therein and herein filed an answer, pleading limitation, former parol partition, plea of estoppel, general denial, etc.

On trial this case was submitted to a jury on special issues, and the jury found J. R. Kimbrell to be of unsound mind at the time of the execution of the deed and made other findings but not as to partition, and based on the jury findings the court set the deed aside, cancelled it and held it to be nought and of no force and effect.

The judgment recites:

"And it appearing from the findings of the jury and the uncontroverted proof concerning which no issues were required to be submitted to the jury that the plaintiffs are entitled to recover herein as prayed for in their First Amended Original Petition, and except in open Court the plaintiffs by agreement of all parties and with permission of the Court took a non-suit insofar as the partitioning of said property was concerned, and insofar as an accounting between the parties, that is, the plaintiffs on the one hand and the defendants on the other hand, was concerned.

"It is, therefore, accordingly ordered, adjudged and decreed by the Court that the plaintiffs be and they are hereby granted leave to take a non-suit, without prejudice, insofar as the partitioning of said property between the plaintiffs and the defendants are concerned and insofar as the accounting between the plaintiffs on the one hand and the defendants on the other hand are concerned, said non-suit being granted with the consent and by agreement of all parties concerned."

We believe that an issue of fact as to a parol partition was pleaded and raised by the evidence in the affidavit, in the deposition of Mrs. Bingham, one of the defendants, and in the deposition of the attorney who conferred with the defendants and with some of the plaintiffs. The affidavit in support of the motion for summary judgment denied that there was an oral agreement for partition of the lands.

With the pleadings and the evidence before the court it became a fact issue to be determined, in this instance by the court, a jury having been waived.

We do not believe that the issue of parol partition was finally determined and concluded against the defendants in the so-called Deed Case.

The law is established in this State as to the legal effect of a final judgment which finally determines the issues in a cause of action.

Alexander v. Stanolind Oil & Gas Co., Tex.Civ.App., 192 S.W.2d 781, error ref., n. r. e., and cases cited.

In the Deed Case, however, the judgment recited that by agreement of all parties the plaintiff took a nonsuit insofar as the partition of the land was concerned.

It is therefore to be observed that there was no final determination of the fact issue in the case as to a parol partition. Tex.Jur., Vol. 26, pages 206–208, paragraph 449.

In a disposition of the subject matter of the litigation as presented by the record before the court at the time of the entry of the order sustaining the special exceptions, plea of res judicata, etc. in deciding applicableness of the motion for summary judgment the court had before it a fact issue to be resolved.

We do not believe that the order sustaining the motion for summary judgment was correct, since there was a genuine controversy between the parties.

Rule 166–A, T.R.C.P.; King v. Rubinsky, Tex.Civ.App., 241 S.W.2d 220 and cases and authorities cited therein.

It may be that upon a future trial of this case that the appellants herein may not be able factually to support their contention as to a parol partition of the lands, but they have a right to have such issue considered.

The judgment of the trial court is reversed and the cause remanded.