Mary Darthulia BINGHAM et vir,
Appellants,

v.

A. R. KIMBRELL et al., Appellees.

No. 10340.

Court of Civil Appeals of Texas.

Austin.

Nov. 30, 1955.

Rehearing Denied Jan. 4, 1956.

Swaim & Swaim, Eden; Paul Petty, Ballinger, for appellants.

John Harrod, Eden; Smith & Lear, San Angelo, for appellees.

HUGHES, Justice.

This is a partition suit between all the heirs, or their successors in interest, of J. R. Kimbrell and wife Lucy Ann Kimbrell, deceased.

Appellant, Mary Darthulia Bingham, pleaded that an oral partition had been made by the parties on or about December 9, 1947, under which certain described real estate in Concho County had been set aside to her and she prayed that this partition be confirmed by judgment.

The only issue tried below and presented here is the existence of such parol partition agreement.

The trial below was to a jury which after considerable deliberation was unable to reach a verdict. The court thereupon withdrew the case from the jury and rendered judgment refusing to give effect to the parol partition alleged by appellants.

In order to affirm the trial court's judgment we must find that there is no evidence in the record to support a finding that a parol partition, as alleged, had been made.

Upon a former appeal we held that there was evidence to make an issue of fact regarding this partition agreement and re-versed the court's action in rendering summary judgment for appellees. Bingham v. Kimbrell, Tex.Civ.App., 258 S.W.2d 363.

Appellants contend that our former decision is the law of the case and that our decision here must be the same. This is correct only if the facts are the same here as they were before.

In the former record we had before us the deposition of one of the attorneys in the case who testified:

"I talked to the whole bunch (members of the Kimbrell family) in my office at the same time and I do recall that when they told me they had agreed to partition the land I asked them if all parties had agreed to that, and my recollection is that they, and I do not know who said it, is, told me all were represented in the conference which had been going on for a day or two, except one party and that this party had been called by telephone and had agreed to the partition. The conversation was general, back and forth, between me and the various members of the Kimbrell family."

This deposition was not offered on the present trial and such attorney did not testify.

We gave this testimony liberal construction on the former appeal and concluded that a genuine controversy as to such issue was shown. In so holding we may have been influenced more by what the record showed the parties could prove rather than by the nature of proof itself. That the testimony of the attorney was hearsay as to some of the heirs was not briefed upon the former appeal and was not considered by us. Under these circumstances, if hearsay evidence is relied upon here to show that an oral partition was made, as seems to be the case, we do not feel bound by our former decision to honor it.

An agreement to partition land must bind all the owners or none is bound. Ellis v. Patrick, Tex.Civ.App. Waco, 93 S.W.2d 1201.

In order to show the nature of evidence relied on by appellants to prove that all owners of the land had agreed to its partition we quote from their brief:

"Tom Bingham (husband of appellant Mary Darthulia Bingham) testified that appellee A. R. Kimbrell told the witness on or about December 9, 1947, at the witness's home, that said A. R. Kimbrell was authorized to represent the other heirs who were not present. And that the other heirs referred to are listed in appellees' Exhibit No. 4. (15 in number.)

"The foregoing testimony will serve to illustrate plainly that appellees Riley Kimbrell, Jared Kimbrell and A. R. Kimbrell, on or about December 9, 1947 made the oral partition of the land in controversy with appellee Mrs. Bingham and that at the time such agreement was made Riley Kimbrell was representing his brothers and sisters under a power of attorney and that A. R. Kimbrell was representing all of the other heirs not present."

A. R. Kimbrell did not testify upon trial.

There is direct and positive evidence in this record that some of the heirs did not personally agree to the parol partition and that they did not authorize any one to represent them in the matter.

Unless some weight is given to the out of court declaration of A. R. Kimbrell that he represented the absent heirs in agreeing to the oral partition there is no evidence, other than a letter later discussed, that such heirs authorized Mr. Kimbrell to represent them in the matter or that they ever agreed to the partition.

■ The declaration of Mr. Kimbrell was clearly hearsay as to the absent heirs and inadmissible for the purpose of establishing the truth of the declaration. Empire Gas & Fuel Co. v. Muegge, 135 Tex. 520, 143 S.W.2d 763; Elmore v. Peavy, Tex.Civ.App. Beaumont, 143 S.W.2d 983; Tex.Jur. Vol. 2, pp. 523–5.

■ Some question is raised that proper objections were not made to admissibility of the declaration of Mr. Kimbrell. This is immaterial. Hearsay evidence has no probative weight even if admitted without objection. Henry v. Phillips, 105 Tex. 459, 151 S.W. 533.

The letter referred to above was dated December 17, 1947, and was written to A. R. Kimbrell by the attorney who had been selected by Mr. Kimbrell and at least some of the other heirs to assist in the partition. This letter inquired about "both powers of attorney" and appellants would infer from this that A. R. Kimbrell did have a power of attorney to represent all the heirs who were absent from the Bingham house in December, 1947, when the oral partition of the land was discussed.

■ Regardless of what the letter contained or what might be inferred from its contents it was unsworn hearsay as to the heirs not shown to be represented by the attorney who wrote the letter and whose participation in the parol partition is not otherwise shown by competent evidence.

■■ Since there was no competent evidence from which the authority of A. R. Kimbrell to represent the absent heirs in orally partitioning the land could be inferred it is of no significance that Mr. Kimbrell did not testify. 17 Tex.Jur. pp. 306–7; Turner v. Texas Co., 138 Tex 380, 159 S.W.2d 112.

The judgment of the trial court is affirmed.

Affirmed.