CURTIS AND COMPANY, Inc., Relator,

v.

Hon. Joe WADE, District Judge, Respondent.

Motion No. 19516.

Court of Civil Appeals of Texas.
San Antonio.

June 18, 1959.

**860**

writ of mandamus for the purpose of protecting or preserving our appellate jurisdiction. We fail to see how we would be protecting any appellate jurisdiction by granting the writ of mandamus prayed for in the petition.

The motion for leave to file is overruled.

Woodrow Curtis, Pearsall, for appellant.

Aycock & Steinle, Jourdanton, for appellee.

HOUSTON FIRE & CASUALTY INSURANCE COMPANY, Appellant,

v.

FARM AIR SERVICE, Inc., Appellee.

No. 10670.

Court of Civil Appeals of Texas. Austin.

June 10, 1959.

Rehearing Denied July 1, 1959.

PER CURIAM.

Relator, Curtis and Company, Inc., has filed a motion for leave to file a petition for an original writ of mandamus requiring Hon. Joe Wade, Judge of the District Court of McMullen County, Texas, to set aside and expunge from the record, his order dated May 23, 1959, granting L. L. Graham a new trial in Cause No. 766, styled Curtis and Company, Inc., v. L. L. Graham, and to reinstate the judgment nil dicit rendered in said cause on April 20, 1959.

For the purpose of passing upon relator's motion, we may assume that no motion for a new trial was filed within ten days after the rendition of the judgment as required by Rule 329–b(1), Texas Rules of Civil Procedure, and that the order granting the new trial was rendered more than thirty days after the rendition of the judgment nil dicit, in violation of Rule 329–b(5), T.R.C.P., yet we would not have jurisdiction to grant the petition as we do not have supervisory jurisdiction over trial courts. All the jurisdiction we have to grant original writs of mandamus is found either in Art. 1823 or 1824, Vernon's Ann. Civ.Stats.

It is clear that the provisions of Art. 1824 do not here apply, and under the provisions of Art. 1823, we can only grant the