**C. F. SPIKES et al., Appellants,**

**v.**

**Magus F. SMITH et al., Appellees.**

**No. 132.**

Court of Civil Appeals of Texas.

Corpus Christi.

Jan. 14, 1965.

John E. Lewis, of Adams, Graham, Lewis & Graham, Harlingen, for appellants.

R. D. Cox, Jr., of Cox & Patterson, J. Perry Jones, of Jones & Flores, McAllen, for appellees.

PER CURIAM.

After careful consideration of petitioners' Motion for Reconsideration or Rehearing herein, and of respondents' Answer to Motion for Reconsideration, we withdraw our opinion delivered in this cause on December 10, 1964, and substitute therefor the following:

Petitioners have filed with us a motion for leave to file a petition for writ of mandamus requiring the Hon. Magus F. Smith, Judge of the 93rd Judicial District of Texas, Hidalgo County, to set aside his order granting a new trial in Cause No. B–22,505, Diaz, et al., v. Spikes, et al., in said court, and to reinstate the judgment for petitioners previously rendered by him in said cause. It is petitioners' contention that the court's order reflects that the new trial was granted for the *sole* rea-

son that the trial court found that a conflict existed between the jury's answer to Special Issue No. 32 and the answer to Special Issue No. 36, whereas, so petitioners allege, no such conflict exists.

■ It is true that where a trial court refuses to enter judgment on a jury verdict, but sets such verdict aside and declares a new trial on the sole and exclusive ground, as shown in his order, that a material conflict exists in the answers of the jury to certain special issues, when no such conflict did exist, mandamus will lie to require the trial court to set aside such order for new trial, and to enter judgment on the verdict. Traywick et al., v. Goodrich, Judge, et al., Tex.Sup.Ct., 364 S.W.2d 190; Indemnity Insurance Co. of North America v. Craik, Judge, 162 Tex. 260, 346 S.W.2d 830; Gulf, C. & S. F. Ry. Co. v. Canty, Judge, 115 Tex. 537, 285 S. W. 296; Fredericksburg Hospital & Clinic v. Springall, Tex.Civ.App., 220 S.W.2d 692; White v. Munson, Judge, Tex.Civ. App., 162 S.W.2d 429.

■ In our opinion, these authorities, and others cited therein, do not apply to the present situation. The order of the trial court granting the new trial was entered within the time provided by law, and while that court still had jurisdiction of the cause. Such order did not limit the trial court's decision to the exclusive ground of conflict of jury answers in the verdict. It states that the court heard evidence at the hearing on the amended motion for new trial (which motion contained allegations of jury misconduct), and proceeds to find that the Court " * * * is of the opinion that there is a conflict between the Jury's finding on Special Issue No. 32 of the Court's Charge and the finding of the Jury on Special Issue No. 36 of the Court's Charge *or* that the finding of the Jury on Special Issue No. 36 of the Court's Charge established a business relation between the Defendants, Clarke Spikes, Jr., and Clarke Spikes, Sr., upon the occasion in question as a matter of law,

*and* that a New Trial should be granted herein." (Emphasis added by us). The trial court did not say that because of a conflict in the jury answers and solely for such reason he was granting a new trial. He found that the answer to No. 36 established the business relation mentioned. In addition he found generally that a new trial should be granted.

■ The trial judge, provided he acts within the time provided by law, has the power and authority to grant new trials after the entry of judgment, either on his own motion or on motion filed by a party to the suit, and it is not controlling to the exercise of his jurisdiction whether he does or does not state a reason, or whether the reason stated by him is right or wrong. Hunsinger v. Boyd, Judge, 119 Tex. 182, 26 S.W.2d 905; Union City Transfer v. Kenna, Judge, Tex.Civ.App., 210 S.W.2d 431; Angelina Casualty Company v. Fisher, Judge, Tex.Civ.App., 319 S.W.2d 387.

As stated by the Supreme Court in Johnson v. Court of Civil Appeals, 162 Tex. 613, 350 S.W.2d 330,

"It is the general rule, well established, that an appellate court will not review by mandamus an action of the trial court granting a new trial while it still has jurisdiction of the cause. The discretion and judgment of the trial court in granting a new trial cannot be controlled or directed by mandamus. (citing authorities).

"There are only two instances where any appellate court of this state has ever directed the trial judge to set aside its order granting motion for new trial. These instances are:

"(1) When the trial court's order was wholly void as where it was not entered in the term in which the trial was had; and

"(2) Where the trial court has granted a new trial specifying in the written order the sole ground that the

jury's answers to special issues were conflicting."

In view of the wording of the trial court's order, we do not feel it necessary that we decide whether the answers to the named issues are in conflict.

The Motion for Leave to File Petition for Mandamus is denied, and Petitioners' Motion for Reconsideration or Rehearing is overruled.