**William G. BROWN, Appellant,**

v.

**AMERICAN FINANCE CO. et al., Appellees.**

**No. 17109.**

Court of Civil Appeals of Texas.

Dallas.

July 19, 1968.

Rehearing Denied Sept. 27, 1968.

Donald W. Keck, of Fritz & Vinson, Dallas, for appellant.

W. R. Sessions, of Sessions & Sessions, Dallas, for appellees.

DIXON, Chief Justice.

William G. Brown seeks to appeal from an order of a district court granting a motion for new trial. In the alternative he asks this court to grant a writ of mandamus directing the trial judge to set aside the order granting a new trial and to reinstate a judgment in Brown's favor.

On November 25, 1959 Brown filed suit against thirteen loan companies from whom he had borrowed small sums of money. He sought judgment for double the amount of alleged usurious interest paid and for actual and exemplary damages proximately caused to his wife and himself by unreasonable collection efforts.

Before the case came on for trial Brown made money settlements with eleven of the companies and they were dismissed from the suit. The only two defendants with which he did not make cash settlements are City Guaranty Company and Safeway Finance Company. Both of the above named companies are owned by S. M. Connell.

At the trial thirty-one special issues or questions were submitted to a jury, said issues to be answered as the jury found from a preponderance of the evidence.

The jury found that City Guaranty Company, through its agents, servants and employees, made unreasonable collection efforts against William Brown, which collection efforts were made with reckless disregard of his health and welfare; and said collection efforts proximately caused Brown to suffer mental or emotional and physical illness to his damage in the amount of $500; caused a loss of employment to his

damage in the amount of $500; and caused a reduction in wages to his damage in the amount of $1,600, a total of actual damages of $2,600. The jury also made a finding of $5,000 as exemplary damages. This made a total of actual and exemplary damages of $7,600 found by the jury against City Guaranty Company.

However the jury found that City Guaranty Company had not made unreasonable collection efforts in regard to Brown's wife, Mary Brown; and that Safeway Finance Company had not made unreasonable collection efforts either, as to Brown himself or as to his wife, Mary Brown.

In rendering judgment the court found that Brown had already received the sum of $1,100 in settlements with three other sets of defendants, who had been dismissed as defendants after said settlements were consummated. The court then concluded that as one of four joint tort-feasors S. M. Connell doing business as City Guaranty Company should be assessed only one-fourth of the total actual damages of $2,600. This made $650 as City Guaranty Company's part of the actual damage, which together with $5,000 as exemplary damages makes a total of $5,650 assessed as damages against City Guaranty Company.

The court also rendered judgment against S. M. Connell doing business as Safeway Finance Company for the sum of $74.80, which was double the amount of usury found to have been paid to Safeway by Brown.

Thus a judgment in the grand total amount of $5,724.80 was rendered against S. M. Connell in connection with the operation of both his loan companies.

On July 27, 1967 the trial judge indicated to the attorney for Brown and to the attorney for Connell in the presence of each other that though he was signing the judgment he felt that $5,000 was too high a figure for exemplary damages and he encouraged plaintiff's attorney to work out something reasonable with defendant's attorney. The judge stated that he felt $600 was a reasonable exemplary damage figure.

On August 5, 1967 S. M. Connell filed a motion for new trial alleging grounds as follows: (1) the findings of the jury are not supported by the evidence except the finding that defendant was a broker and not a lender; (2) the undisputed evidence as to payments demonstrates that there was no basis for the judgment of $74.80 usury penalty; (3) there is no evidence, or at least there is insufficient evidence to support the $500 verdict as damages for lost wages, which by pleading and evidence could be no more than $326.95; (4) there is no basis in the pleadings or the evidence to support the award of $5,000 as exemplary damages, the said amount being excessive and disproportionate to the amount of actual damages; (5) the court erred in overruling defendant's objection to the special issues submitted; (6) the court should have disallowed any recovery for actual damages and should have found that plaintiff's cause of action, if any, was fully settled by payments of co-defendants who were dismissed from the suit, and without actual damages there can be no recovery for exemplary damages.

On September 6, 1967 plaintiff filed a motion asking the judge to disqualify himself from any further participation in the cause of action, and that "whichever Judge hears the Motion for New Trial, set out fully and completely each ground for ordering a new trial, if any, * * *." The grounds alleged in the motion were: (1) the statement by the judge in chambers on July 27, 1967; (2) an inquiry by the judge on September 5, 1967 asking plaintiff's attorney whether he had "worked out" anything with defendant's counsel; (3) a statement made by defendant's counsel on September 5, 1967 to plaintiff's counsel that the judge had already indicated to plaintiff's counsel that he intended to grant a new trial; and (4) the appointment by the judge of defendant's counsel to act as attorney in a court of inquiry scheduled to be held September 5, 1967.

In orders signed November 14, 1967 the judge overruled the motion to disqualify and to set out each ground for ordering a new trial; and sustained defendant's motion for new trial.

## OPINION IN RE APPEAL.

■ It has long been the rule in this state that an order of a trial court granting a motion for new trial, being an interlocutory order, is not appealable.[1] Dial v. Collins et al., 40 Tex. 367, 368 (1874); Lynn et al. v. Hanna, 116 Tex. 652, 296 S.W. 280 (1927) ("The Court of Civil Appeals and this court are without power to review it."); Plummer et ux v. Van Arsdell et al., 117 Tex. 200, 299 S.W. 869 (1927) (Tex. Com.App. opinion adopted) (Party has no constitutional right to appeal from order granting new trial); Spikes v. Smith, 386 S.W.2d 346 (Tex.Civ.App., Corpus Christi 1965) (Mandamus also denied by Sup.Ct.); Harang v. Aetna Life Ins. Co., 400 S.W.2d 810, 815 (Tex.Civ.App., Houston 1966, writ ref'd n. r. e.). It is also the rule in most other jurisdictions, including the Federal courts. Bigart v. Goodyear Tire & Rubber Co., 361 F.2d 317 (2d Cir. 1966); Peterson v. Moore, 254 F.2d 853 (3rd Cir. 1958); Ford Motor Co. v. Busam Motor Sales, Inc., 185 F.2d 531 (6th Cir. 1950); 4 C.J.S. Appeal and Error §§ 238, 246; 4 Am.Jur.2d 638. See also cases cited hereinafter in connection with the application for writ of mandamus.

■■ Appellant asserts that the motion for new trial failed as a matter of law to set forth a sound ground for new trial. Without agreeing with that contention, we simply point out that the trial court is not bound by the motion filed by a party. He may grant a new trial on his own motion.

He does not have to give his reasons for granting a new trial. Harang v. Aetna Life Ins. Co., 400 S.W.2d 810, 815 (Tex. Civ.App., Houston 1966, writ ref'd n. r. e.); Spikes v. Smith, 386 S.W.2d 346 (Tex.Civ. App., Corpus Christi 1965) (Mandamus also denied by Sup.Ct.); Equitable Life Assur. Soc. v. Murdock, 219 S.W.2d 159 (Tex.Civ. App., El Paso 1949, writ ref'd n. r. e.).

Appellant also asserts that after the motion was filed the court became disqualified as a matter of law from acting on it, therefore the order granting the motion was null and void. We do not agree.

Appellant makes much of the statement made by the trial judge in the presence of both attorneys that he, the judge, felt that the $5,000 award as exemplary damages was too high and suggested that the attorneys endeavor to "work out something reasonable"—that he felt $600 was a reasonable figure for exemplary damages.

■ The statement in effect informed the attorneys that the judge, in the interest of justice, was willing to let a judgment for appellant stand if the amount of the recovery were reduced. He encouraged them to "work out" a judgment which he could approve. Such an admonition to the attorneys did not automatically as a matter of law disqualify the judge from acting on the motion for new trial any more than a suggestion of a remittitur would have disqualified him.

■ In the motion to disqualify appellant's attorney has told us that appellees' attorney told him (appellant's attorney) that the judge told him (appellees' attorney) that he was going to grant a new trial. Such statement, if made by appellees' attorney, is plain hearsay so far as the judge is

---

1. There was a short interval of time when such an order was made appealable by statutory authority. In 1925 the 39th Legislature enacted what became Art. 2249, Vernon's Ann.Civ.St., which expressly granted the right of appeal from "every order * * * in civil cases granting motions for new trials * * *."

But the experiment was unsuccessful. In 1927 the 40th Legislature repealed that part of the statute permitting appeals from orders granting new trials. Even during the time when such appeals were allowed the order could be set aside only for abuse of discretion, as noted in the preamble to the repealing statute.

concerned. It cannot be accepted as grounds for holding that the judge was disqualified as a matter of law and that the order for granting a new trial was void. Harang v. Aetna Life Ins. Co., 400 S.W.2d 810, 814 (Tex.Civ.App., Houston 1966, writ ref'd n. r. e.); Bingham v. Kimbrell, 285 S.W.2d 312 (Tex.Civ.App., Austin 1956, writ ref'd n r. e.); Henry v. Phillips, 105 Tex. 459, 151 S.W. 533, 538 (1912).

The appeal is dismissed.

## OPINION IN RE APPLICATION FOR MANDAMUS.

We granted leave to William G. Brown, as relator, to file an application for a writ of mandamus. Relator, as an alternative to his appeal, seeks to have us direct the trial judge to set aside the order granting a new trial and to reinstate a judgment in favor of relator.

Brown's appeal and his application for writ of mandamus were submitted and argued at the same time.

■ We do not have jurisdiction to grant the writ which relator seeks. In Crane et al. v. Tunks et al., 160 Tex. 182, 328 S.W.2d 434, 438 (1959), a discovery proceeding, the Supreme Court of Texas stated that the jurisdiction of a Court of Civil Appeals to grant a writ of mandamus is limited to the enforcement of its jurisdiction, or to compel a district court to proceed to trial and judgment. Art. 1824, V.A.C.S.; 8 S.W. Law Journal, pp. 389, 393. In the case now before us the order was entered within the time allowed by law and we have held that the order was not void. It is not claimed that the trial court has or will refuse to proceed to trial and judgment.

In Johnson v. Court of Civil Appeals, 162 Tex. 613, 350 S.W.2d 330 (1961) the Supreme Court of Texas was asked to issue a writ of mandamus compelling a Court of Civil Appeals to rescind its order granting a writ of mandamus. The Court of Civil Appeals had issued a writ commanding a trial court to set aside an order granting a new trial. The grounds as stated by the Court of Civil Appeals were (1) that the trial court had abused its discretion in granting the motion and (2) that the order granting the new trial was in clear violation of the trial court's duty under the law. The Supreme Court of Texas granted the writ of mandamus and ordered the Court of Civil Appeals to rescind its writ of mandamus.[2]

Other cases holding that we have no authority to issue the writ for which relator has applied are: Hunsinger v. Boyd, 119 Tex. 182, 26 S.W.2d 905, 907 (1930); Angelina Casualty Co. v. Fisher, 319 S.W.2d 387 (Tex.Civ.App., Beaumont 1958, no writ) (citing numerous cases); Spikes v. Smith, 386 S.W.2d 346 (Tex.Civ.App., Cor-

2. In its opinion in the Johnson case the Supreme Court of Texas said:

"It is the general rule, well established, that an appellate court will not review by mandamus an action of the trial court granting a new trial while it still has jurisdiction of the cause. The discretion and judgment of the trial court in granting a new trial cannot be controlled or directed by mandamus. * * *

"There are only two instances where any appellate court of this state has ever directed the trial judge to set aside its order granting motion for new trial. These instances are:

"(1) When the trial court's order was wholly void as where it was not entered in the term in which the trial was had; and

"(2) Where the trial court has granted a new trial specifying in the written order the sole ground that the jury's answers to special issues were conflicting.

"* * * *While under the broad language of Article 1733, V.A.T.S., this court does have the power to correct abuses of discretion in certain lower courts where there is no adequate remedy by appeal, Courts of Civil Appeals have no such power. * * * Since the motion for new trial was granted by the trial court it was not required by rules to render judgment in the cause, and the Court of Civil Appeals is without authority to so order."* (Emphasis ours.)

pus Christi 1965) (Mandamus also overruled by Sup.Ct.); Curtis and Co. v. Wade, District Judge, 325 S.W.2d 859 (Tex.Civ. App., San Antonio 1959, no writ); Bergman v. West, 262 S.W.2d 435 (Tex.Civ. App., Waco 1953, no writ), citing cases.

Relator's application for a writ of mandamus is denied.