Nancy Lee BEAUCHAMP, Relator,

v.

Honorable James C. ONION et al.,
Respondents.

No. 14956.

Court of Civil Appeals of Texas,
San Antonio.

May 19, 1971.

Baskin, Casseb, Gilliland, Rodgers & Robertson, San Antonio, for appellant.

Brown, Daniels & Davila, San Antonio, for appellees.

## PER CURIAM.

This is an original proceeding for mandamus to compel Honorable James C. Onion, Judge of the 73rd District Court of Bexar County, to proceed to judgment on the merits and determine that the respondent, Jac Todd Beauchamp, either is or is not guilty of contempt because of Beauchamp's failure to pay to relator, Nancy Lee Beauchamp, each month one half of his retirement check pursuant to the terms of a divorce decree. Relator concedes that on September 21, 1970, Judge Onion signed a final order that she take nothing by her motion to hold respondent, Jac Todd Beau-champ, in contempt, and that said motion be denied. She urges, however, that since he did so under the "erroneous" legal opinion that the court was without power to find respondent in contempt, she is entitled to a determination of that issue on the merits.

The jurisdiction of the Court of Civil Appeals to grant a writ of mandamus is limited to the enforcement or protection of its jurisdiction, or to compel a district or county court to proceed to trial and judgment. Articles 1823 and 1824, Vernon's Annotated Civil Statutes; Johnson v. Court of Civil Appeals, Seventh District, 162 Tex. 613, 350 S.W.2d 330 (1961); Crane v. Tunks, 160 Tex. 182, 328 S.W.2d 434 (1959); Brown v. American Finance Co., 432 S.W.2d 564 (Tex.Civ.App.—Dallas 1968, writ ref'd n. r. e.); Uvalde Rock Asphalt Co. v. Loughridge, 423 S.W.2d 602 (Tex.Civ.App.—San Antonio 1968, no writ); Curtis and Company v. Wade, 325 S.W.2d 859 (Tex.Civ.App.—San Antonio 1959, no writ); Southern Methodist University: Norvell, Original Jurisdiction of the Courts of Civil Appeals to Issue Extraordinary Writs, 8 Sw.L.J. 389 (1954); University of Texas: Green; Notes, Discovery—Mandamus—Pre-Trial Practice—Judicial Review—Trial Judge's Order in Discovery Proceeding Subject to Mandamus. Crane v. Tunks, 160 Tex. 182, 328 S.W.2d 434 (1959), 38 Texas L.Rev. 638, 641 (1960).

Relator cites Blair v. Blair, 408 S.W.2d 257 (Tex.Civ.App.—Dallas 1966, no writ), as our authority to issue a writ of mandamus compelling the trial court to find a party in contempt. There the court held that the order denying wife's motion to hold her former husband in contempt for failure to pay child support was not appealable. It then said: "Appellant's remedy, if she has one, is by mandamus." Cited in support of this statement is the case of Allen v. Woodward, 111 Tex. 457, 239 S.W. 602 (1922). It must be recognized

that Article 1734, V.A.C.S., grants the Supreme Court much broader mandamus power than granted the Courts of Civil Appeals under Article 1824. Texas State Bd. of Examiners in Optometry v. Carp, 388 S.W.2d 409 (Tex.1965); Johnson v. Court of Civil Appeals, supra; 8 Sw.L.J. 389, supra. *Blair* does not hold directly or by dicta that a Court of Civil Appeals is authorized to issue a writ of mandamus in the situation before us. .

A similar question was presented this Court in Starr County v. Laughlin, 283 S. W.2d 830 (1955, no writ). This was an original proceeding for mandamus to compel Honorable Woodrow Laughlin, Judge of the District Court of Starr County, to proceed to trial and judgment in a contempt proceeding. The record demonstrated that, although a hearing was had, Judge Laughlin said at the outset that he would assume all allegations were true, but he would not find respondent in contempt. Accordingly, he rendered a judgment finding respondent not guilty of contempt of court. This Court held that inasmuch as the trial court had proceeded to judgment in the contempt proceeding, we did not have jurisdiction under Article 1824, supra, to order the trial court to proceed to trial and final judgment.

Here the record demonstrates that a hearing has been had; and at its conclusion, Judge Onion rendered a judgment ordering that relator, Nancy Lee Beauchamp, take nothing by her motion to hold respondent, Jac Todd Beauchamp, in contempt of court and that she take nothing by said motion. Whether Judge Onion's reason for this order is correct or erroneous is immaterial, and we express no opinion in this connection. The controlling fact is that he has proceeded to trial and to judgment in this matter. Therefore, we have no jurisdiction to grant the writ of mandamus sought by relator.

The petition for writ of mandamus is dismissed for want of jurisdiction.