02-12-047-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-12-00047-CV

 

 


 
 
 Judy A. Jennings and Rebecca E. Bell-Metereau
 
 
  
 
 
 APPELLANTS
 
 
 
 
  
 V.
  
 
 
 
 
 WallBuilder Presentations, Inc. Through Its
 President, David Barton; Wallbuilders, L.L.C. Through Its President, David
 Barton; and David Barton, Individually
 
 
  
 
 
 APPELLEES
 
 


 

----------

FROM THE 415th
District Court OF Parker COUNTY

----------

OPINION

----------

I.  Introduction

The sole
issue we address is whether we possess jurisdiction over this interlocutory appeal
from the trial court’s order denying Appellants Judy A. Jennings and Rebecca E.
Bell-Metereau’s motion to dismiss filed pursuant to the Texas Citizens’
Participation Act (TCPA)[1] set forth in chapter 27
of the Texas Civil Practice and Remedies Code[2] when the order was signed
timely after a hearing.  Because we hold that we do not possess jurisdiction,
we dismiss this appeal.

II.  Factual
and Procedural Background

Appellees,
WallBuilder Presentations, Inc. Through Its President, David Barton; Wallbuilders,
L.L.C. Through Its President, David Barton; and David Barton, Individually, sued
Appellants, two former Texas State Board of Education candidates, for libel,
defamation, and business disparagement based on a 2010 campaign video that Appellants
had paid their political consultant to produce.[3]  Appellants timely filed
a motion to dismiss Appellees’ suit pursuant to section 27.003 of the TCPA.  See
Tex. Civ. Prac. & Rem. Code Ann. § 27.003(b) (providing that motion to
dismiss must be filed not later than the sixtieth day after the date of service
of the legal action).[4]  Appellees filed a
response to the motion to dismiss along with attached exhibits and objections. 
After a hearing at which arguments were presented by both sides, the trial
court signed an order denying Appellants’ motion to dismiss; the order was
signed, as required by section 27.005, within thirty days of the date of the
hearing on the motion.  See id. § 27.005(a) (West Supp. 2012).  Appellants
perfected this interlocutory appeal; Appellees assert that the TCPA does not grant
this court jurisdiction over Appellants’ interlocutory appeal.

III.  Statutory Construction Regarding Interlocutory
Appeals

Appellate
courts generally have jurisdiction over final judgments.  Tex. Const. art. V, §
6 (providing that appellate courts “shall have appellate jurisdiction
co-extensive with the limits of their respective districts” and “such other
jurisdiction . . . prescribed by law”); Lehmann v. Har-Con Corp., 39
S.W.3d 191, 195 (Tex. 2001); Jack B. Anglin Co. v. Tipps, 842 S.W.2d
266, 272 (Tex. 1992); see also Curtis & Co. v. Wade, 325 S.W.2d 859,
860 (Tex. Civ. App.—San Antonio 1959, no writ) (explaining generally that
appellate court does “not have supervisory jurisdiction over trial courts”).  Jurisdiction
of a court of appeals is controlled by the constitution and by statutory
provisions; an interlocutory order is not appealable unless a statute
explicitly provides for appellate jurisdiction.  Stary v. DeBord, 967
S.W.2d 352, 352–53 (Tex. 1998).  When an attempted appeal comes within none of
the statutory or constitutional provisions conferring jurisdiction, an appellate
court must not exercise jurisdiction.  See N.Y. Underwriters Ins. Co. v.
Sanchez, 799 S.W.2d 677, 678–79 (Tex. 1990) (holding that court of appeals’
assertion of appellate jurisdiction over an interlocutory order “when not
expressly authorized to do so by statute is jurisdictional fundamental error”);
see also Stary, 967 S.W.2d at 352 (explaining that court of
appeals “erroneously held that it had jurisdiction over an interlocutory order
striking a shareholder derivative claim”).

When
a statute specifically authorizes appellate courts to hear appeals from interlocutory
orders and judgments, an appellate court may exercise the jurisdiction statutorily
conferred upon it.  See, e.g., Qwest Commc’ns Corp. v. AT&T Corp.,
24 S.W.3d 334, 336 (Tex. 2000) (holding section 51.014 of the civil practice
and remedies code authorized interlocutory appeal of order that in effect
granted a temporary injunction); Fort Worth Star-Telegram v. Street, 61
S.W.3d 704, 707–08 (Tex. App.—Fort Worth 2001, pet. denied) (holding section
51.014 of the civil practice and remedies code authorized interlocutory appeal
of order denying motion for summary judgment based on claim against or defense
asserted by a media defendant arising under the First Amendment).  Statutes authorizing
interlocutory appeals are strictly construed because they are a narrow
exception to the general rule that interlocutory orders are not immediately
appealable.  CMH Homes v. Perez, 340 S.W.3d 444, 447 (Tex. 2011); Tex.
Dep’t of Transp. v. City of Sunset Valley, 8 S.W.3d 727, 730 (Tex. App.—Austin
1999, no pet.).  By the rule of strict construction, “it is not meant that the
statute shall be stintingly or even narrowly construed, but it means that
everything shall be excluded from its operation which does not clearly come
within the scope of the language used.”  Norman J. Singer & J.D. Shambie
Singer, 3 Statutes and Statutory Construction, § 58:2, at 110 (7th
ed. 2008).

We
review issues of statutory construction de novo.  Tex. Lottery Comm’n v.
First State Bank of DeQueen, 325 S.W.3d 628, 635 (Tex. 2010).  In
construing statutes, our primary objective is to give effect to the
legislature’s intent.  Id. (citing Galbraith Eng’g Consultants, Inc.
v. Pochucha, 290 S.W.3d 863, 867 (Tex. 2009)).  We rely on the plain
meaning of the text as expressing legislative intent unless a different meaning
is supplied by legislative definition or is apparent from the context, or the
plain meaning leads to absurd results.  Id.; see also Fitzgerald v.
Advanced Spine Fixation Sys., 996 S.W.2d 864, 866 (Tex. 1999) (explaining
that “it is a fair assumption that the Legislature tries to say what it means,
and therefore the words it chooses should be the surest guide to legislative
intent”).   Even when it appears that the legislature may have made a mistake,
courts are not empowered to “fix” the mistake by disregarding direct and clear
statutory language that does not create an absurdity.  Tex. Lottery Comm’n,
325 S.W.3d at 635; see also Lee v. City of Houston, 807 S.W.2d 290, 293
(Tex. 1991) (explaining that “[o]ur function is not to question the wisdom of
the statute; rather, we must apply it as written”).

IV.  The Appeal Provisions
of the TCPA

          Section
27.008 of the civil practice and remedies code is titled, “Appeal.”  Tex. Civ.
Prac. & Rem. Code Ann. § 27.008 (West Supp. 2012).  Section 27.008 sets
forth the TCPA’s only language concerning appeals, and it provides:

(a)  If a court does
not rule on a motion to dismiss under Section 27.003 in the time prescribed by
Section 27.005, the motion is considered to have been denied by operation of
law and the moving party may appeal.

 

(b)  An appellate
court shall expedite an appeal or other writ, whether interlocutory or not,
from a trial court order on a motion to dismiss a legal action under Section
27.003 or from a trial court’s failure to rule on that motion in the time
prescribed by Section 27.005.

 

(c)  An appeal or
other writ under this section must be filed on or before the 60th day after the
date the trial court’s order is signed or the time prescribed by Section 27.005
expires, as applicable.

Id.  The
change in the law made by the TCPA applies only to cases, like this one, filed
on or after June 17, 2011.  See id. historical note (West Supp. 2012)
[Act of May 18, 2011, 82nd Leg., R.S., ch. 341, § 3, 2011 Tex. Gen. Laws 960, 963]. 
To date, no Texas appellate court cases construing section 27.008 exist.

V.  Construing the TCPA

          Appellees
argue that section 27.008(a) confers appellate jurisdiction on this court only when
a trial court fails to rule within thirty days of the date of the hearing on a timely-filed
motion to dismiss.  See id. § 27.008(a).  The plain language of
section 27.008(a) provides that “if a court does not rule on a motion to
dismiss,” then the motion is “considered to have been denied . . . and the
moving party may appeal.”  Id.  Relying on the plain language of section
27.008(a) as expressing legislative intent, we agree with Appellees that the
interlocutory appeal statutorily authorized by subsection (a) is limited to situations
in which a trial court has failed to timely rule on a timely-filed motion to
dismiss, and the motion to dismiss is therefore considered to have been denied
by operation of law.  Because the trial court in this case did timely hold a
hearing on Appellants’ timely-filed motion to dismiss and did timely rule on
Appellants’ motion to dismiss, we agree with Appellees that the present appeal does
not fall within the category of interlocutory appeals authorized by section
27.008(a).  See id.

Appellees
next argue that section 27.008(b) likewise does not statutorily grant an
interlocutory appeal in the present case.  Section 27.008(b) provides that “[a]n
appellate court shall expedite an appeal or other writ, whether interlocutory
or not, from a trial court order on a motion to dismiss a legal action under
Section 27.003 or from a trial court’s failure to rule on that motion in the
time prescribed by Section 27.005.”  See id. § 27.008(b).  When a
trial court grants a motion to dismiss under section 27.005, the order
dismissing the action may be appealable, or severable and appealable, as a
final, noninterlocutory order disposing of all issues and all parties.  Accord
Tex. R. Civ. P. 41 (“Any claim against a party may be severed and proceeded
with separately.”); Martinez v. Humble Sand & Gravel, Inc., 875
S.W.2d 311, 312 (Tex. 1994) (recognizing that trial court may “make the
judgment final for purposes of appeal by severing the causes and parties”).  Section
27.008(b) mandates in this situation that such an appeal be expedited.  Tex.
Civ. Prac. & Rem. Code Ann. § 27.008(b).  If a trial court denies a motion to
dismiss under section 27.005 despite the failure of the party bringing the
action to provide any evidence showing a prima facie case for each element of
his claim, it is possible that the moving party could seek a writ of mandamus. 
See id. § 27.005(b) (imposing mandatory duty on trial court to
dismiss the claim unless party bringing action satisfies section 27.005(b)).  Section
27.008(b) mandates in this situation that such an original proceeding be
expedited.  See id. § 27.008(b).  And if a trial court fails to
timely rule on a timely-filed motion to dismiss, then the motion is denied by
operation of law and the party moving for dismissal may appeal.  Id. §
27.008(a).  Section 27.008(b) mandates in this situation that such an
interlocutory appeal be expedited.  See id. § 27.008(b).  Thus, the
plain language and meaning of subsection (b) is to require expedited consideration
by an appellate court of any appeals or other writs from a trial court’s ruling
on a motion to dismiss filed under chapter 27, whether interlocutory or not; subsection
(b) does not contain language expressly creating a right of interlocutory appeal
from a trial court’s timely ruling denying a motion to dismiss.  Id.

The
legislature uses precise language expressly creating a right of appeal when it
intends to expand an appellate court’s jurisdiction to include review of an
interlocutory trial court ruling.  See, e.g., id. § 51.014(a)
(West Supp. 2012) (providing that “[a] person may appeal from an interlocutory
order” and then listing types of interlocutory orders), § 150.002(f) (West 2011)
(providing that “[a]n order granting or denying a motion for dismissal [based
on plaintiff’s failure to file a certificate of merit in a suit against a licensed
or registered professional] is immediately appealable as an interlocutory
order”), § 171.098(a) (West 2011) (providing in connection with arbitration
that “[a] party may appeal a judgment or decree entered under this chapter or
an order:” and then listing types of orders), § 15.003(b) (West Supp. 2012)
(providing that when suit involves multiple plaintiffs, “[a]n interlocutory
appeal may be taken of a trial court’s determination”); Tex. Fam. Code Ann. §
56.03(b) (West 2008) (providing in connection with habitual or violent juvenile
offenders that “[t]he state is entitled to appeal an order of a court in a
juvenile case . . . if the order:” and then listing types of interlocutory
orders); Tex. Health & Safety Code Ann. § 574.070(a) (West 2010) (providing
that “[a]n appeal from an order requiring court-ordered mental health services,
or from a renewal or modification of an order, must be filed in the court of
appeals for the county in which the order is entered”); see also Tex. R.
Civ. P. 76a (providing that “[a]ny order . . . relating to sealing or unsealing
court records shall be deemed to be severed from the case and a final judgment
which may be appealed by any party”).  The statutory provision at issue here, section
27.008(b), does not use the type of language found in other statutes creating
interlocutory appeals.  See Tex. Civ. Prac. & Rem. Code Ann. §
27.008(b).  It does not state that a party may appeal or is entitled to
appeal.  See id.  It does not articulate that any order is immediately
appealable or that any interlocutory order shall be treated as a final
judgment.  See id.  It does not even contain the language used in the
immediately preceding subsection, subsection (a), that “the moving party may
appeal.”  Id. § 27.008(a); see id. § 27.008(b).  Thus, giving the
language of subsection (b) its plain meaning, it does not create a right of
interlocutory appeal.  See id. § 27.008(b).

We
must rely on the plain meaning of section 27.008(a) and (b) as expressing
legislative intent unless a different meaning is supplied by legislative
definition or application of the plain meaning leads to absurd results.  See
Tex. Lottery Comm’n, 325 S.W.3d at 635.  No definitions are provided by the
statute that would supply a different meaning to section 27.008(a) or (b).[5]
 See Tex. Civ. Prac. & Rem. Code Ann. § 27.001 (West Supp. 2012)
(setting forth definitions), § 27.008(a), (b).  Thus, we next examine whether
giving the language of section 27.008(a) and (b) its plain meaning––that is, the
meaning that section 27.008 creates a right of interlocutory appeal only when
the trial court fails to timely rule on a timely-filed motion to dismiss––leads
to an absurd result.  See Tex. Lottery Comm’n, 325 S.W.3d at 635. 
Relying on the plain meaning of section 27.008(a) and (b) as expressing
legislative intent that an interlocutory appeal exists under chapter 27 only
when a trial court fails to timely rule on a timely-filed motion to dismiss
does not lead to absurd results for two main reasons.  See Tex. Civ.
Prac. & Rem. Code Ann. § 27.008(a), (b).

First,
the overall structure of the TCPA requires judicial review (sections 27.004 and
27.005) of limited evidence (sections 27.005(c) and 27.006) concerning the
elements (section 27.005(c)) of a legal action involving a party’s exercise of
the right of free speech, right to petition, or right of association (sections
27.003(a) and 27.005(b)) typically within no more than 120 days after the
service of the action.[6]  See id. §§
27.003–.006 (West Supp. 2012).  Thus, the legislature ensured in chapter 27
that the trial court would quickly rule on a motion to dismiss and that if the
trial court did not quickly rule, the motion would be denied by operation of
law and then the party moving to dismiss could appeal––thereby ensuring
judicial review of the motion to dismiss by the appellate court.  In other
words, the legislature ensured that if the trial court did not perform the judicial
review required by the statute and rule on the motion to dismiss, then the
appellate court could.  See id. § 27.008(a).  The tight timetables statutorily
established by the legislature for a party to file a motion to dismiss, for the
trial court to set a hearing on a motion to dismiss, and for a trial court to
rule on a motion to dismiss or otherwise to have the motion denied by operation
of law, are consistent with the plain meaning of section 27.008 that creates an
interlocutory appeal only when the trial court fails to timely rule on a motion
to dismiss.  See id. § 27.008.  When the trial court has failed to
provide the mandated review of the evidence purportedly showing a prima facie
case for each essential element of the claim, then the appellate court must provide
such review via an interlocutory appeal.  Nothing in the plain language of any
of the provisions of chapter 27 indicates a legislative intent to create a
double-layer of review (first by the trial court and then by the appellate
court) of the evidence of a prima facie case for each essential element of the
claim.  To the contrary, the short timetables established in the statute as
well as the plain language of section 27.008(a) and (b) indicate a legislative
intent to avoid at the very outset of the litigation the inevitable delay that an
interlocutory appeal imposes, except in cases where the trial court has not
timely ruled on the motion to dismiss and has therefore not provided the
judicial review envisioned by the legislature.[7]  

Second,
when a trial court timely denies a motion to dismiss under chapter 27, such
that an interlocutory appeal is not authorized, the party seeking chapter 27 dismissal
may nonetheless later avail itself of a no-evidence summary judgment motion. 
In many instances, the trial court’s denial of such a subsequent no-evidence
motion for summary judgment will be subject to an interlocutory appeal.  See
Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(6).[8] 
Thus, construing section 27.008(a) and (b) in accordance with the plain meaning
of the statutory text chosen by the legislature––that is, as creating a new
interlocutory appeal only when a trial court fails to timely rule on a
timely-filed motion to dismiss––does not lead to an absurd result; it leads to the
very logical and laudable result of providing judicial review of the elements
of a claim at the outset of litigation while also limiting the potential for multiple
interlocutory appeals in the same suit.

Despite
the failure of section 27.008(a) and (b) to include any express or plain
language creating a right to an interlocutory appeal of a timely-signed order
denying a chapter 27 motion to dismiss and although construing section
27.008(a) and (b) in accordance with the literal text and in view of the entire
statute does not promulgate an absurd result, Appellants nonetheless argue that
a right of interlocutory appeal of an order denying a motion to dismiss must be
implied into the TCPA.  Appellants claim that subsection (b)’s language that
“[a]n appellate court shall expedite an appeal or other writ, whether
interlocutory or not, from a trial court order on a motion to dismiss a legal
action under Section 27.003” implies the right exists to an interlocutory appeal
of any timely-signed order denying a chapter 27 motion to dismiss.  But
“implying” categories of interlocutory appeals into the statute is the
antithesis of the strict construction standard that we are to apply to statutes
that grant interlocutory appeals and thereby expand our jurisdiction.  See
CMH Homes, 340 S.W.3d at 447 (mandating strict construction of statutes
creating interlocutory appeals); Singer & Singer, supra, § 58:2, at
110 (explaining that under the rule of strict construction everything shall be
excluded from a statute’s operation that does not clearly come within the scope
of the language used).  As explained by the United States Supreme Court, the
rule of strict construction is especially important when construing statutes
that grant jurisdiction that does not otherwise exist:

Our
analysis of this issue of statutory construction “must begin with the language
of the statute itself,” Dawson Chemical Co. v. Rohm & Haas Co., 448
U.S. 176, 187, 100 S. Ct. 2601, 2607, 65 L.Ed.2d 696 (1980), and “[a]bsent a
clearly expressed legislative intention to the contrary, that language must
ordinarily be regarded as conclusive.”  Consumer Product Safety Comm’n v.
GTE Sylvania, Inc., 447 U.S. 102, 108, 100 S. Ct. 2051, 2056, 64
L.Ed.2d 766 (1980).  Moreover, when the statute to be construed creates, as § 437h(a)
does, a class of cases that command the immediate attention of this Court and
of the courts of appeals sitting en banc, displacing existing caseloads and
calling court of appeals judges away from their normal duties for expedited en
banc sittings, close construction of statutory language takes on added
importance.  As we have said: “Jurisdictional statutes are to be construed
‘with precision and with fidelity to the terms by which Congress has expressed
its wishes’; and we are particularly prone to accord ‘strict construction of
statutes authorizing appeals’ to this Court.”  Palmore v. United States,
411 U.S. 389, 396, 93 S. Ct. 1670, 1675, 36 L.Ed.2d 342 (1973) (citations
omitted).

Bread
Political Action Comm. v. Fed. Election Comm’n,
455 U.S. 577, 580–81, 102 S. Ct. 1235, 1237–38 (1982); see also Hernandez v.
Ebrom, 289 S.W.3d 316, 322 (Tex. 2009) (Jefferson, C.J., dissenting)
(“Interlocutory appeals are disruptive, time-consuming, and expensive.”).  The
text of section 27.008(a) states plainly enough when a party may bring an
interlocutory appeal—that is, when “a court does not rule on a motion to
dismiss under Section 27.003 in the time prescribed by Section 27.005, [and] the
motion is considered to have been denied by operation of law.”  Tex. Civ. Prac.
& Rem. Code Ann. § 27.008(a).  And the text of section 27.008(b) does not
expressly create a right of appeal but instead imposes a duty on the appellate
courts to expedite disposition of any types of appeals or writs “from a trial
court order on a motion to dismiss a legal action under Section 27.003 or from
a trial court’s failure to rule on that motion in the time prescribed by
Section 27.005.”  Id. § 27.008(b).  Because the statute to be construed,
section 27.008, creates a class of cases that command the immediate attention of
this court, displacing existing caseloads and calling us away from our normal
duties for expedited dispositions, close construction of the statutory language
is especially important.  See Bread Political Action Comm., 455
U.S. at 580–81, 102 S. Ct. at 1237–38.  Thus, construing section 27.008 with
precision and with fidelity to the terms by which the legislature has expressed
its wishes, we decline to “imply” into the statute, as Appellants request, a
right of interlocutory appeal from a timely-signed order denying a timely-filed
chapter 27 motion to dismiss.  Accord id.; see also Harris
County Hosp. Dist. v. Tomball Reg’l Hosp., 283 S.W.3d 838, 846–47
(Tex. 2009) (declining to read language into the statutes and citing Seay v.
Hall, 677 S.W.2d 19, 25 (Tex. 1984) (“While this court may properly write
in areas traditionally reserved to the judicial branch of government, it would
be a usurpation of our powers to add language to a law where the legislature
has refrained.”)).

          Appellants
also urge us to consider the legislative history of the TCPA.  We apply a
“text-centric model” when construing statutes; we will use extrinsic aids such
as legislative history only when the text is not clear.  See Ojo v. Farmers
Grp., Inc., 356 S.W.3d 421, 435 (Tex. 2011) (Jefferson, C.J., concurring). 
Here, the text is clear—section 27.008 creates an interlocutory appeal only if
a court does not timely rule on a motion to dismiss.  See Tex. Civ. Prac.
& Rem. Code Ann. § 27.008 (a), (b).  We nonetheless have reviewed the
legislative history materials provided by Appellants; they do not support
Appellants’ position.  The legislature clearly contemplated that an expedited
appeal would be provided and that the timetables set forth in section 27.008(c)
would apply.  But as to the exact scope of the appeal contemplated, the
legislative history materials shed no light.

In
summary, relying on the plain meaning of section 27.008(a) and (b) as
expressing legislative intent, finding no different meaning has been supplied
by legislative definition, viewing the statute as a whole and finding that
construing section 27.008(a) and (b) in accordance with their plain meaning
does not lead to absurd results, and strictly construing section 27.008 so that
everything is excluded from its operation that does not clearly come within the
scope of the language used, we hold that section 27.008 does not create an
interlocutory appeal from a timely-signed trial court order that denies a
timely-filed chapter 27 motion to dismiss.  See, e.g., Bread
Political Action Comm., 455 U.S. at 580–81, 102 S. Ct. at 1237–38; Tex.
Lottery Comm’n, 325 S.W.3d at 635; Stary, 967 S.W.2d at 352–53; Singer
& Singer, supra, § 58:2, at 110.  Once the trial court timely rules,
even erroneously, on a chapter 27 motion to dismiss, the inquiry is over; this
court possesses no interlocutory appellate jurisdiction to review the propriety
of the trial court’s timely ruling.  See, e.g., N.Y. Underwriters
Ins. Co., 779 S.W.2d 677, 678–79; Stary, 967 S.W.2d at 352.  Because
Appellants attempt to appeal from a nonappealable interlocutory order, we have
no jurisdiction except to dismiss the appeal.  See Cantu Servs., Inc. v.
United Freedom Assoc., Inc., 329 S.W.3d 58, 63 (Tex. App.––El Paso 2010, no
pet.).

VI.  Conclusion

          Because
we lack jurisdiction over this interlocutory appeal from the trial court’s
timely-signed order denying Appellants’ timely-filed motion to dismiss, we
dismiss this appeal.  Appellants have filed with this court a motion requesting
that their interlocutory appeal be considered, in the alternative, as an
original proceeding.  By separate order issued concurrently with the issuance
of this opinion, we grant that motion.

 

 

SUE WALKER
JUSTICE

 

PANEL: 
DAUPHINOT, GARDNER, and WALKER, JJ.

 

DELIVERED:  August 16, 2012









[1]The TCPA is considered to
be anti-SLAPP legislation.  SLAPP stands for Strategic Lawsuit Against Public
Participation, and approximately twenty-seven states have enacted anti-SLAPP legislation. 
See generally Shannon Hartzler, Note, Protecting Informed Public Participation:  Anti-SLAPP
Law and the Media Defendant, 41 Val. U. L. Rev. 1235, 1248–70 (2007)
(collecting and analyzing anti-SLAPP statutes).





[2]It is undisputed that
Appellees’ claims against Appellants constitute a legal action based on,
related to, or in response to Appellants’ exercise of the right of free speech,
right to petition, or right of association so as to fall within the ambit of
the TCPA.  See Tex. Civ. Prac. & Rem. Code Ann. § 27.003(a) (West
Supp. 2012).





[3]The video associated
Appellants’ opponents in the 2010 election for the Texas State Board of
Education with David Barton, a person the campaign video stated was “known for
speaking at white-supremacist rallies.”





[4]All statutory references
herein are to the Texas Civil Practice and Remedies Code unless otherwise
indicated.





[5]Neither party contends
that section 27.008(c) creates a statutory right of interlocutory appeal.  See
Tex. Civ. Prac. & Rem. Code Ann. § 27.008(c) (setting forth time for filing
writ or appeal).





[6]The 120-day time period is
generally the outside limit because a motion to dismiss must be filed within
sixty days after service of the action (section 27.003(b)), the trial court
hearing on the motion to dismiss must be set within thirty days of the service
of the motion to dismiss (section 27.004), and the trial court must rule on the
motion to dismiss within thirty days of the hearing (section 27.005(a)), or the
motion is denied by operation of law (section 27.008(a)).  See id. §§
27.003(a), .004, .005(a), .008(a).





[7]Accord In re McAllen
Med. Ctr., Inc.,
275 S.W.3d 458, 461 (Tex. 2008) (“Appellate courts cannot afford to grant
interlocutory review of every claim that a trial court has made a pre-trial
mistake.”); Am. Home Prods. Corp. v. Clark, 38 S.W.3d 92, 96 (Tex.
2000).  In Clark, the supreme court construed a prior version of the venue/joinder statute as
creating no right of interlocutory appeal from a trial court determination that
venue was proper under section 15.002; “if the trial court
determines that venue is proper . . . the inquiry is over. . . . 
Neither the court of appeals nor this Court can review the propriety of the
trial court’s venue decision.”  Clark, 38 S.W.3d at 96 (emphasis added). 
The legislature later amended the statute to expressly grant an interlocutory
appeal from a trial court determination of proper venue or joinder.  See
Act of June 11, 2003, 78th Leg., R.S., ch. 204, § 3.03, 2003 Tex. Sess.
Law Serv. 847, 853.





[8]A person may appeal from
an interlocutory order that

denies a motion for summary judgment
that is based in whole or in part upon a claim against or defense by a member
of the electronic or print media, acting in such capacity, or a person whose
communication appears in or is published by the electronic or print media,
arising under the free speech or free press clause of the First Amendment to
the United States Constitution, or Article I, Section 8, of the Texas
Constitution, or Chapter 73 [the libel statute].

Id.